52618, 52619. ILER v. THE STATE (two cases).

DEEN, Presiding Judge.

1. Code § 27-1403 requires the state to furnish the defendant with a list of witnesses "on demand, previously to his arraignment." To invoke the provisions of this section, it is necessary that a demand be made for the names prior to the arraignment. *Jones v. State,* 224 Ga. 283 (5) (161 SE2d 302). The defendant's present attorney made no such demand, and could not in any event complain. It appears from the record, however, that prior counsel for the accused was in fact furnished a copy prior to the arraignment. The court properly overruled a motion to exclude one of the witnesses for the state, made by the subsequently employed attorney at the time of trial.

2. The trial court may, after a witness has left the stand, allow him recalled, and in his discretion may require the side so recalling the witness to adopt him as its own. *Eberhart v. State,* 121 Ga. App. 663 (3) (175 SE2d 73). There was no abuse of discretion in ruling that a witness who was the victim of the motor vehicle theft for which the defendant was on trial, when recalled by the defendant, was subject to direct rather than cross examination. In point of fact, except for reiteration of testimony previously given by the witness of the circumstances of the theft, the only facts elicited were that the car had two doors and that there was an orange board inside. Obviously no prejudice resulted from the ruling.

3. Argument by the district attorney expressing a personal opinion that the defendant is guilty is objectionable (*Broznack v. State,* 109 Ga. 514 (2) (35 SE 123)) and when condoned by the trial court constitutes reversible error. The same result should apply to a

statement of counsel in argument that the defendant is lying. Where, however, the objection is sustained and the district attorney apologizes, there is normally no abuse of discretion in denying a motion for mistrial. *Floyd v. State,* 143 Ga. 286, 287 (5) (84 SE 971); *Bivins v. State,* 72 Ga. App. 306 (33 SE2d 745).

4. Motor vehicle theft, of which the defendant was found guilty, is a felony as to which the grant or denial of post conviction bail pending appeal is discretionary with the court. *Smith v. State,* 203 Ga. 636 (47 SE2d 866); *Ingram v. Grimes,* 213 Ga. 652 (2) (100 SE2d 914).

*Judgments affirmed in both cases. Quillian and Webb, JJ., concur.*

SUBMITTED SEPTEMBER 14, 1976 — DECIDED SEPTEMBER 30, 1976.

*Margaret Hopkins, James R. Venable,* for appellant. *Bryant Huff, District Attorney, Richard T. Winegarden, Assistant District Attorney,* for appellee.