## 31601. KEITH v. THE STATE.

UNDERCOFLER, Presiding Justice.

The trial court sustained a motion to suppress the evidence seized during a search with a warrant when the state refused to reveal the identity of its informer for an in camera inquiry into probable cause for the issuance of the warrant. The Court of Appeals held that the trial court erred in failing to hold a hearing and exercise its discretion to decide if the informer's name was required. *State v. Keith,* 139 Ga. App. 399 (228 SE2d 332) (1976). We granted certiorari to consider whether the court could compel the state to reveal its informer or to disclose the name in camera at the motion to suppress. We hold that the state need not reveal the names of its informers at a motion to suppress. However, the Court of Appeals judgment reversing the trial court is affirmed for the reason stated herein.

At the motion to suppress, the defendant claimed that the state's affidavit relying on a "confidential informant" was inadequate to sustain the warrant,[1]

---

[1] The sufficiency of the affidavit is not otherwise challenged. The affidavit is not contained in the record but from the defendant's allegations in her brief, certain details of fact were offered in the affidavit to support the reliability of the informer's information.

because there, in fact, was no informer. She urges that this affidavit was perjured, and a standard ploy used by the two officers on the gambling squad to obtain search warrants in order to harass the defendant. Thus the state, she argues, in order to carry its burden of showing that the search was legal, must reveal the name of its alleged informer. The defendant, however, misapprehends the focus of the hearing at a motion to suppress.

The trial court in reviewing the probable cause determination made by the issuing magistrate must be convinced by the state that the magistrate had enough information to make an independent judgment that probable cause existed to search the defendant's premises. Whiteley v. Warden, 401 U. S. 560 (1971); Aguilar v. Texas, 378 U. S. 108 (1963); Brinegar v. United States, 338 U. S. 160 (1948); *Matthews v. State,* 236 Ga. 867 (225 SE2d 896) (1976). Facts must be presented to support the credibility and the reliability of both the informer and the information obtained from him. Aguilar v. Texas, supra; *State v. Perry,* 234 Ga. 842 (218 SE2d 559) (1975). Thus the emphasis is on the credibility and reliability of the information presented to the magistrate and the reasonableness of his issuing the search warrant.

In McCray v. Illinois, 386 U. S. 300 (1966), the Supreme Court made clear that the informer's privilege presents a question of evidentiary rather than constitutional magnitude[2] at a motion to suppress, "where the issue is the preliminary one of probable cause, and guilt or innocence is not at stake." McCrary, supra, p. 311. If the informer's privilege at a probable cause hearing is a state evidentiary question, we must look to Georgia law.

Public policy favors nondisclosure in Georgia in the interest of the free flow of information about criminal activity. Code Ann. § 38-1102; *Thornton v. State,* 238 Ga.

---

[2] The privilege does raise constitutional questions at trial where the guilt or innocence of the accused is at stake. Brady v. Maryland, 373 U. S. 83 (1962); *Thornton v. State,* 238 Ga. 160.

160; *Chancey v. Hancock,* 233 Ga. 734 (213 SE2d 633) (1975); *Scull v. State,* 122 Ga. App. 696 (178 SE2d 720) (1970); *Anderson v. State,* 72 Ga. App. 487 (34 SE2d 110) (1945). Only in *Scull v. State,* supra, have the Georgia courts addressed the question whether an informer need be disclosed at a probable cause hearing, and the answer there was clearly in the negative.[3] Since the sole question is whether the information offered to support the warrant meets the test for probable cause, there is no need to reveal the informer's identity. Whether or not an informer really exists is a question of evidence to be decided by the trial court after the officers have been thoroughly questioned and cross examined. If the court finds such evidence lacking, then the motion to suppress should be granted.

The trial court has not held such a hearing and the Court of Appeals judgment reversing the trial court's grant of the motion to suppress and remanding the case for a hearing under Code Ann. § 27-313 (a) is affirmed.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only, and Gunter, J., who dissents.*

ARGUED NOVEMBER 8, 1976 — DECIDED
JANUARY 4, 1977.

*Herbert Shafer,* for appellant.
*Hinson McAuliffe, Solicitor, Charles Hadaway, Assistant Solicitor,* for appellee.

---

[3] In holding that the exclusionary rule merely acts to suppress evidence the Court of Appeals said: "We do not believe [the exclusionary rule] is an essential . . . defense, going to the heart of the charge and the guilt or innocence of the defendant, which would outweigh the public interest in the flow of the information." *Scull v. State,* supra, p. 700.