## 37566. BRANCH v. THE STATE.

JORDAN, Chief Justice.

Appellant was convicted for possession of more than one ounce of marijuana and sentenced to serve four years and 11 months in the state penitentiary. He directs his appeal to this court on the constitutional question of whether a judge of a recorder's court of a municipality has the authority to issue a search warrant for an alleged violation of a state law. He enumerates three other alleged errors.

1. The evidence upon which appellant was convicted was obtained by the state during the search of the appellant's automobile. Appellant moved to suppress all of the evidence on the grounds that the recorder's court judge did not constitutionally have jurisdiction to issue the search warrant. His motion was denied.

The cases cited by appellant deal with the jurisdiction of municipal courts to *try* cases involving alleged offenses against the state, and not with the authority to issue warrants.

Article VI, Sec. I, Par. I (Code Ann. § 2-3001) provides: "The judicial powers of this state shall be vested in a Supreme Court, a Court of Appeals, Superior Courts, Probate Courts, Justice of the Peace, *and such other courts as have been or may be established by law.*" (Emphasis supplied.) Code Ann. § 27-303 provides that "any judicial officer authorized to hold a court of inquiry to examine into an arrest of an offender against the penal laws . . . may issue a search warrant . . ." Code Ann. § 27-401 provides that "any judge of the superior or county court, or justice of the peace, or city or town officer, who may be an ex-officio justice of the peace, may hold a court of

inquiry. . . ." Code Ann. § 69-705 provides that "all police court recorders and judges of all recorders' courts in this State shall have and are hereby given the same powers and authorities as ex-officio justices of the peace in the matter of and pertaining to criminal cases of whatever nature in the several courts of this State."

Appellant argues further that the attempt by the General Assembly to authorize mayors and recorders to exercise the powers of ex-officio justices of the peace is unconstitutional in violation of Art. VI, Sec. VIII, Par. I (Code Ann. § 2-3701) because it has the effect of creating a multiplicity of ex-officio justices of the peace in a militia district where the constitution specifies that the number of such officers shall not exceed one per district. While not ruling directly on that point, in *Bush v. Wilcox,* 223 Ga. 89 (153 SE2d 701) (1967) we affirmed the authority of a judge of a small claims court to issue an arrest warrant and hold committal hearings in the same jurisdiction as the challenging justice of the peace.

Appellant has demonstrated no conflict between the statutes and the constitution and the trial court did not err in denying his motion to suppress.

2. Appellant contends that in ruling on his Brady motion the trial court should have required the state to disclose the identity of the informer whose information was relayed by the officer to the recorder's court judge in the application for the search warrant. The main thrust of appellant's defense at trial was that he had been set up by someone who had access to his automobile and who had planted the marijuana there.

A reading of the transcript on the Brady motion hearing shows the officer testifying that the informer overheard a conversation in which the appellant said he was going that weekend to pick up some marijuana. The police officer testified that the informant was not a law enforcement officer, was not paid for the information, took no active part in obtaining the marijuana and was not present when the marijuana was obtained. The trial court ruled that the informant was a mere tipster. In *Thornton v. State,* 238 Ga. 160, 165 (231 SE2d 729) (1977) we held that when the trial court initially determines that the informer was merely a tipster, his identity would be privileged. As to access to the automobile, according to the defendant's own testimony, he had two sets of keys and kept both sets in his possession. He named those persons he had let use his car during the period involved.

The trial court did not err in refusing to require the state to disclose the identity of the informer.

3. We have examined the remaining enumerations, contending that the trial court erred in denying appellant's motion for a directed

verdict and in failing to give appellant's request to charge on the definition of marijuana. The record is devoid of any evidence that could show the substance was not marijuana. There is no merit to these enumerations.

*Judgment affirmed. Hill, P. J., Marshall, Clarke, Smith and Gregory, JJ., concur.*

DECIDED OCTOBER 14, 1981.

*Stone & Stone, William S. Stone,* for appellant.
*Charles M. Ferguson, District Attorney,* for appellee.