## 64663. JOHNSON v. THE STATE.

BIRDSONG, Judge.

James Larry Johnson was convicted of five counts of violation of the Georgia Controlled Substances Act, for possession of marijuana,

amobarbital and secobarbital, hydromorphone and codeine. He enumerates five errors below. *Held:*

1. The trial court did not err in denying a mistrial on the basis of prejudicial statements made by the district attorney in closing arguments that appellant lied or was lying. See *Iler v. State,* 139 Ga. App. 743 (229 SE2d 543). The record shows the following occurred during the prosecutor's closing argument:

The prosecutor stated: "These premises were searched just as the police officers told you and I say to you that James Larry Johnson was lying when he tells you [otherwise]. . . . You see, he's got a reason to lie. You see, he's real interested in this case. . . ." At this point, appellant's counsel moved for mistrial outside the jury's presence on the basis that the district attorney commented "not once but twice to the effect that Larry Johnson was lying. . . . He can comment . . . that there's only one deduction and that is that such a thing didn't happen [but he cannot] make a categorical statement that Larry Johnson lied." The district attorney responded: "I would only submit that that was a proper argument made from the emphasis [inference?] which I could properly draw based upon the evidence." The trial court overruled appellant's motion for mistrial.

Immediately thereafter, the district attorney said to the jury, "Now, ladies and gentlemen, I was making a statement that I believe that the defendant was lying when he [gave you] his version of the events and I was stating to you that I believe he had an interest in this case which would demonstrate why he made those comments." Sua sponte, and immediately, the trial court interjected in the presence of the jury: "I'm going to have to sustain [appellant's] objection. . . . You're not allowed to argue your beliefs. Your argument should be rhetorically. You may argue that you contend the evidence proves but your beliefs are not material to this jury." The district attorney replied: "All right, sir. Thank you. I will submit to you [the jury] that the evidence shows that he was lying." And to appellant's repeated objection, the trial court stated: "That's proper argument. He can submit what he contends the evidence shows. Arguing his personal beliefs is not permitted." The district attorney then proceeded to recount for the jury the opposing statements and evidence offered by the state's witness and by the appellant.

A close analysis of this colloquy, as shaded by nuance as it is, shows that the trial judge perceived and ruled the district attorney's first statement to be an argument based on inference from the evidence. The correctness of that judicial perception at that point might be subject to debate, and clearly the trial court gave the district attorney the benefit of the doubt. See *Iler v. State,* supra. But when the district attorney immediately thereafter made the statement to

the jury that "Now ladies and gentlemen, I was making a statement the defendant was lying when he [gave you] his version of the events ...", it became clear what argument the district attorney had made and was making, and the trial court correctly rebuked him in the presence of the jury, at the same time advising the jury that the district attorney could only argue the evidence and that his personal beliefs were immaterial, thus removing any prejudice caused by the district attorney's remarks. We do not find the trial judge abused his discretion in refusing to grant a mistrial (OCGA §§ 17-8-75; 9-1-185).

2. Appellant contends two jury charges were impermissibly burden-shifting. The charge on the rebuttable presumption that a person of sound mind intends the natural and probable consequences of his acts is, we think, a basic natural law and, as for legal technicalities, has been held not burden-shifting in *Davis v. State,* 249 Ga. 309, 312-313 (290 SE2d 273). The charge that the owner of a premises is presumed to be in possession of its contents but that this presumption may be overcome by proof that others had access to the premises, is not burden-shifting because it is not a mandatory presumption but is permissive. (See *Davis,* supra). It is not burden-shifting merely because it does not make clear who must prove equal access; in fact, the charge does not require the appellant to prove equal access but permits the proof to come from any source. Appellant was the proven owner (purchaser) of the premises and the presumption did apply to him in this case.

3. The trial court did not err in denying appellant's motion to suppress based on the insufficiency of the search warrant affidavit to establish the validity of the information and the credibility or reliability of the informant, under Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637); and Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723). The information underlying the search warrant in this case was quite sufficiently detailed for the magistrate to know he was "relying on something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." Spinelli, supra, p. 416. Additionally, some of the facts related by the confidential tipster were corroborated by the affiant. The credibility or veracity of the informant was established in the affidavit; the tipster was apparently not previously known to the affiant, but the affiant attempted to verify the tipster's credibility and concluded that he had no known criminal record, was regularly employed, appeared to be a mature person, and demonstrated a truthful demeanor. The affiant concluded the informant was reliable and the magistrate was justified in finding probable cause on this basis. Under the analysis in

*Shaner v. State,* 153 Ga. App. 694, 696-700 (266 SE2d 338), the search warrant was based on probable cause and the motion to suppress was properly denied.

4. The trial court did not err in refusing to compel the state to provide the informant's name. It was undisputed at the motion to suppress hearing that the informant was a mere tipster. His identity was not material to the appellant's guilt or innocence, and his testimony not relevant thereto, since there is no evidence he participated in the crime alleged and he was not present at the search and arrest. His identity was privileged. *Branch v. State,* 248 Ga. 300 (282 SE2d 894); *Thornton v. State,* 238 Ga. 160, 165 (231 SE2d 729).

5. Appellant contends the trial court erred in permitting on cross-examination the prejudicial testimony of a law enforcement officer. The officer was asked: "So you knocked on the door and who did the talking first. . . ." He answered: "I don't know, sir. There were several instances I've been to Mr. Johnson's house. To differentiate one from the other, I don't know." Appellant moved for a mistrial contending this remark placed appellant's character in issue by implying the appellant had been involved with the police on previous occasions. However, by itself, the mere statement that police had been to a defendant's house, or knew the defendant previously, indicates nothing derogatory. *James v. State,* 223 Ga. 677, 686 (157 SE2d 471). See also *Williams v. State,* 158 Ga. App. 867 (282 SE2d 419); *McGaskey v. State,* 115 Ga. App. 627 (155 SE2d 817). Moreover, when mistrial was denied, the appellant did not ask for curative instructions, as he should have done if he deemed the statement so fatal, but permitted it to lie naked before the jury.

We find no errors in this case justifying a reversal of the conviction.

*Judgment affirmed. McMurray, P. J., concurs. Banke, J., concurs in the judgment only.*

DECIDED OCTOBER 28, 1982 —
REHEARING DENIED NOVEMBER 23, 1982 —

*Edward D. Tolley,* for appellant.
*Robert E. Keller, District Attorney, Michael D. Anderson, William L. McKinnon, Jr., Assistant District Attorneys,* for appellee.