A89A0326. PONDER v. THE STATE.
(381 SE2d 534)

DEEN, Presiding Judge.

The appellant, Frankie Ponder, was convicted of two counts of selling cocaine in violation of the Georgia Controlled Substances Act. On appeal, Ponder's sole contention is that the trial court erred in denying his motion to disclose the identity of the confidential informant.

Just after midnight on February 6, 1988, an undercover police officer purchased crack cocaine from Ponder in the rest room of a night club. The officer was introduced to Ponder by a David Brown, whom he had met at the bar. The officer was also accompanied by a confidential informant, who afterwards told the officer Ponder's name. At trial, the officer positively identified Ponder as the man who had sold him cocaine.

On March 5, 1988, another undercover police officer, accompanied by the confidential informant, purchased some crack cocaine

from Ponder, from the officer's unmarked car parked in front of a housing project. Ponder had approached the officer from his side of the vehicle. The informant only advised the officer as to Ponder's name after the sale. At trial, this officer also positively identified Ponder as the man who had sold him cocaine.

David Brown testified on Ponder's behalf, and denied either being present at the night club or introducing the undercover officer to Ponder. Ponder also testified and denied selling cocaine to either undercover officer. *Held*:

"Where an informant is a mere tipster, disclosure of his identity is not required. *Thornton v. State*, 238 Ga. 160 (2) (231 SE2d 729) (1977). But where the informer is a witness or participant, a request for disclosure requires the trial court to balance the benefits of disclosure to the defendant against the resulting harm to the government. *Roviaro v. United States*, 353 U. S. 53 (77 SC 623, 1 LE2d 639) (1957); *Thornton*, supra. 'Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.' *Roviaro*, supra, at 62." *State v. Royal*, 247 Ga. 309, 312 (275 SE2d 646) (1981).

In the recent case of *Moore v. State*, 187 Ga. App. 387 (370 SE2d 517) (1988), this court held that disclosure of the informant's identity was mandated where the informant, other than introducing the undercover officer to the defendant, merely witnessed the drug sale, because the informant was the only witness in a position to amplify or contradict the testimony of the defendant and the police officer and because the informant's testimony would not be merely impeaching, since the defendant testified. In the instant case, with regard to the sale that occurred at the night club, the informant was not the only witness available to amplify or contradict the testimony of the police officer or Ponder; Ponder adduced the testimony of David Brown for that purpose. Regarding the other drug sale, however, the informant was in a posture indistinguishable from that of the informant in *Moore v. State*, supra. Accordingly, the trial court is directed to conduct a post-trial, in-camera proceeding as explained in *Moore v. State*, supra, to determine whether the error of nondisclosure of the informant's identity was harmless.

*Case remanded with direction. Birdsong and Benham, JJ., concur.*

Decided April 3, 1989 —
Rehearing denied April 17, 1989 —

*Andrews & Seery, S. Andrews Seery*, for appellant.

*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney,* for appellee.