A89A0284. JONES v. THE STATE.
(384 SE2d 273)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of selling cocaine in violation of the Georgia Controlled Substances Act. He appeals from the judgment of conviction and sentence that was entered by the trial court on the jury's guilty verdict.

Appellant filed a motion to compel the State to disclose the iden-

tity of a confidential informant who had witnessed the sale of cocaine. After conducting a hearing, the trial court denied the motion. On appeal, appellant's sole enumeration is that the trial court erred in denying the motion.

The record shows that an officer purchased a quantity of cocaine but did not make an immediate arrest of the seller. Appellant was subsequently arrested and charged with the offense. The officer positively identified appellant as the perpetrator. Appellant denied any participation in the transaction and claimed misidentification by the officer. Under these circumstances, the disclosure of the identity of the confidential informant was material to the issue of appellant's guilt. See *Ponder v. State*, 191 Ga. App. 346 (381 SE2d 534) (1989); *Moore v. State*, 187 Ga. App. 387 (370 SE2d 511) (1988). Compare *Brinson v. State*, 188 Ga. App. 214 (372 SE2d 487) (1988). The confidential informant, who, other than the officer and the perpetrator, was the only one present at the time the offense was committed, was " 'the only witness in a position to amplify or contradict the testimony' of the appellant and the police officer. [Cit.]" *Moore v. State*, supra at 391 (2). "Accordingly, the trial court is directed to conduct a post-trial, in-camera proceeding as explained in *Moore v. State*, supra, to determine whether the error of nondisclosure of the informant's identity was harmless." *Ponder v. State*, supra at 347.

*Case remanded with direction. McMurray, P. J., and Beasley, J., concur.*

DECIDED JULY 10, 1989.

*Andrews & Seery, Stephen H. Andrews*, for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney*, for appellee.