## A89A1635. WALTON v. THE STATE.
### (390 SE2d 896)

BIRDSONG, Judge.

Appellant, Thomas Jerome Walton, appeals his conviction of possession of cocaine with intent to distribute.

Commander Hufstetler of the Thomasville-Thomas County Drug Squad obtained certain information from a reliable confidential informant. This information was relayed to various members of the department. Identification of the suspect along with a description of the car and tag number was given to officers.

Appellant was stopped and asked for his driver's license. He was advised of his rights and consented to a search of the car by signing a

consent form.

A package of Kool cigarettes was on the floor of the car. Appellant voluntarily said, "It's not mine." Six pieces of rock cocaine weighing 1.6 grams were found in the package. The amount and size of the "crack" was consistent with amounts possessed by a dealer.

Appellant presented evidence of good reputation and that other persons had access to the vehicle. *Held*:

1. Appellant asserts that the trial court abused its discretion in denying his motion to reveal the identity of the confidential informant. We disagree.

The facts of this case clearly are distinguishable from those in *Moore v. State*, 187 Ga. App. 387 (370 SE2d 511), where the informer was the only witness in a position to amplify or contradict the testimony of appellant and the police officer regarding the circumstances of a drug sale.

In determining the disclosure of an informant, the court must balance the public interests in protecting the flow of criminal information against an accused's right to prepare his defense, using the *factors* considered. *Roviaro v. United States*, 353 U. S. 53, 62 (77 SC 623, 1 LE2d 639); *Jones v. State*, 188 Ga. App. 713 (2) (374 SE2d 110); *Moore*, supra at 389, and cases cited therein. In addition, the court may consider as a relevant balancing test factor that, in the absence of a contrary showing, a witness "cannot reasonably be expected to appear in court and incriminate himself." *Moore*, supra at 391. The appellate court, in determining the propriety of disclosing the identity of an informant, may consider all relevant evidence contained in pretrial, trial and post-trial proceedings. *Ponder v. State*, 191 Ga. App. 346 (381 SE2d 534); cf. *Stapleton v. State*, 235 Ga. 513, 516 (1) (220 SE2d 269) (can examine entire record to determine if confession was voluntary); *Jones v. State*, 187 Ga. App. 421, 422-423 (370 SE2d 784) (can consider all relevant evidence of record in considering the legality of a search). In applying the required balancing test, we find the trial court did not err in denying this motion.

2. Appellant asserts that the trial court erred in denying his suppression motion. We disagree.

Information which police transmit to one another, by any accepted means of communication, can provide "sufficient grounds to create an articulable suspicion warranting reasonable cause to stop [appellant's automobile]." *Holcomb v. State*, 191 Ga. App. 379, 380 (381 SE2d 594). Where there is articulable suspicion such as we have in this case to stop appellant's car, there is no error. Stopping a car is not per se illegal. *Brooks v. State*, 129 Ga. App. 109 (198 SE2d 892). The Moultrie police had an articulable suspicion that appellant had rock cocaine in his vehicle. See *Stiggers v. State*, 151 Ga. App. 546 (1) (260 SE2d 413), citing *Adams v. Williams*, 407 U. S. 143, 145 (92 SC

1921, 32 LE2d 612). We further find that under all attendant circumstances, the stop of appellant was reasonable, and that appellant was not in a status of arrest merely because of the number of police cars used to effect the stop and the manner in which the police blocked his automobile. Thus, circumstances surrounding the stopping of appellant's car did not taint his subsequent consent to search.

An individual may waive his Fourth Amendment rights by voluntarily consenting to a search. *Hunter v. State*, 190 Ga. App. 52, 53 (378 SE2d 338). The State has the burden of proving that consent was freely and voluntarily given; voluntariness of consent is determined by looking at the totality of the circumstances. Id. Valid consent eliminates the need for both probable cause and a search warrant. Id. " 'A consent to search must be the product of an essentially free and unrestrained choice by its maker. [Appellant's car was lawfully stopped.] There is no indication there were any coercive acts by the officer[s] or involuntary acts by the defendant.' " *Allen v. State*, 191 Ga. App. 623 (1) (382 SE2d 690). Under the totality of the circumstances, appellant's consent to search was freely and voluntarily given. This enumeration is without merit.

3. Appellant asserts that the trial court erred in instructing the court on constructive possession. Appellant's reliance on *Lockwood v. State*, 257 Ga. 796 (364 SE2d 574) is misplaced.

Appellant in this case was charged with a violation of OCGA § 16-13-30 (b) by possession of a controlled substance with intent to distribute. Possession sufficient to sustain a conviction pursuant to OCGA § 16-13-30 (b) may be either actual or constructive. *Christopher v. State*, 190 Ga. App. 393, 398 (379 SE2d 205). This enumeration is without merit.

4. Appellant asserts that the trial court erred in allowing the officer to testify to information given to him by the confidential informant. There was no error. The officer was not permitted to testify about his conversation with the informant. The conversation with the Moultrie dispatcher is admissible. OCGA § 24-3-2; compare *Goldsby v. State*, 186 Ga. App. 180 (2) (367 SE2d 84); *Bennett v. State*, 153 Ga. App. 21, 23 (264 SE2d 516).

5. Appellant asserts that the trial court erred in denying his motion for new trial, and that the evidence was insufficient to sustain his conviction for possession of cocaine with intent to distribute.

On appeal the evidence must be viewed in the light most favorable to the verdict, and appellant no longer is shielded by a presumption of innocence. *Watts v. State*, 186 Ga. App. 358 (1) (366 SE2d 849). Appellate courts review the sufficiency and not the weight to be accorded the evidence. *Banks v. State*, 185 Ga. App. 851 (3) (366 SE2d 228).

The trial court charged adequately on the defense theory of equal

access. See generally *Brooks v. State*, 258 Ga. 20 (4) (365 SE2d 97); *Barton v. State*, 188 Ga. App. 237, 238 (372 SE2d 647). The jury weighed the evidence, determined witness credibility, and returned a verdict finding appellant guilty as charged.

The evidence submitted to the jury, in this case established more than appellant's mere possession of contraband. Evidence of record included time of possession of the car, appellant's statement as to the cigarette package, the manner of contraband packaging, and appellant admitted that he did not use cocaine. See *Doe v. State*, 189 Ga. App. 793, 795 (377 SE2d 546).

Any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of possession of cocaine with intent to distribute as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Deen, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 13, 1990.

*Kirbo & McCalley, Thomas L. Kirbo III*, for appellant.
*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.