*frey J. Dean*, for appellee.

■■■■■■■

A90A1554. THOMAS v. THE STATE.
(403 SE2d 206)

BIRDSONG, Presiding Judge.

Ben Thomas appeals his conviction for the sale of cocaine. He alleges that the trial court erred by denying his motion to disclose the identity of a confidential informant and by limiting the scope of his cross-examination of a police officer. He also asserts that the evidence presented at his trial is insufficient to sustain the verdict. *Held*:

1. Although Thomas contends that he was entitled to know the identity of a confidential informant because the confidential informant was allegedly the only person other than the appellant and the undercover officer who witnessed the transaction, the transcript shows that three other witnesses testified no such sale was made. Thus, the informant was not " 'the only witness in a position to amplify or contradict the testimony' of the appellant and the police officer." *Moore v. State*, 187 Ga. App. 387, 391 (370 SE2d 511). Therefore, neither disclosure of the informant's identity nor a *Moore* in-camera hearing was required. See *Ponder v. State*, 191 Ga. App. 346, 347 (381 SE2d 534).

2. Thomas also asserts that the trial court erred by limiting his cross-examination of a sheriff's investigator about the investigator's knowledge of charges pending against the confidential informant. See OCGA § 24-9-64. Although the trial court had ordered the prosecution to reveal any deals with the informant, and the transcript shows that the investigator had testified there was no deal, Thomas sought to cross-examine the investigator about why the informant was "trying to make a drug deal" because that information would go "to the motive for doing what he was doing and his reliability and that sort of thing." After considering this argument, the trial court found the testimony Thomas sought would not be relevant: "I can't follow the connection here." As the sheriff's investigator had previously testified there was no deal with the informant, the information sought had no relevance to the issues in the trial (see OCGA §§ 24-2-1 and 24-2-2). Further, there was nothing to indicate that the investigator was competent to testify about the informant's subjective motivation for assisting the police. More significantly, however, the admissibility of this evidence lies within the discretion of the trial judge, and as there is no evidence that he abused his discretion in this case, we find no error. *Butler v. State*, 173 Ga. App. 168 (325 SE2d 835); *Lewis v. State*, 158 Ga. App. 586 (281 SE2d 331).

3. Thomas' last enumeration of error asserts that the evidence

presented at trial fails to meet the standards established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), because the testimony of three witnesses supported his contention that he did not sell cocaine to the undercover officer. We disagree. At this stage of the proceedings the presumption of innocence no longer prevails, the jury has decided the credibility of the witnesses, and it has been convinced beyond a reasonable doubt of the appellant's guilt. Further, appellate courts review the evidence only to determine if there was evidence sufficient to authorize the factfinder to return the verdict of guilty. *Powers v. State*, 150 Ga. App. 25 (256 SE2d 637). As there was direct testimony from the undercover officer that Thomas sold him a substance which was later identified as cocaine by another witness, the evidence is sufficient. Consideration of the transcript in a light most favorable to the jury's verdict, "reveals ample evidence from which any rational trier of fact could conclude that [Thomas] was guilty of [the sale of cocaine] as charged." *Jackson v. Virginia*, supra; *Baggett v. State*, 257 Ga. 735, 736 (363 SE2d 257).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED JANUARY 16, 1991 —
REHEARING DENIED MARCH 5, 1991.

*Michael L. Bankston*, for appellant.
*J. Brown Moseley, District Attorney, Ronald S. Smith, Assistant District Attorney*, for appellee.