## A94A2143. TAYLOR v. THE STATE.
(455 SE2d 340)

RUFFIN, Judge.

James Lemar Taylor was convicted of selling cocaine in violation of the Georgia Controlled Substances Act. He appeals from the judgment of conviction and sentence, raising as his sole enumeration of error the trial court's failure to require the State to disclose the identity of a confidential informant.

An undercover officer and a confidential informant went to a motel room to purchase cocaine from the person in the room, later identified as James Lemar Taylor. The confidential informant told the officer the seller's name was "Lemar Taylor." The officer asked Taylor for a "slab" which meant $100 worth of crack cocaine. Taylor then allegedly told the officer and the confidential informant to leave and to come back in ten minutes. They did so, and when they returned, Taylor handed the officer a solid piece of crack cocaine.

At trial, the officer positively identified Taylor as the person who sold her cocaine. She testified that she also identified Taylor at his arrest months after the drug purchase as the individual who sold her drugs. At that time she learned that the first name given to her by the confidential informant was incorrect and that Taylor's first name was actually "James." Testifying in his own defense, Taylor denied selling cocaine to the undercover officer.

Disclosure of an informant's identity can be compelled when the informant is " 'the only witness in a position to amplify or contradict the testimony' of the [defendant] and the police officer. [Cit.]" *Moore v. State,* 187 Ga. App. 387, 391 (2) (370 SE2d 511) (1988). However, if the informant's identity is sought for impeachment purposes only, disclosure cannot be compelled. Id.

Even though the informant was the only witness to the cocaine purchase, the record demonstrates that his identity was not sought either to amplify or contradict Taylor's testimony or the undercover

officer's testimony regarding the cocaine purchase. Compare *Moore*, supra at 392; *Jones v. State*, 192 Ga. App. 186 (384 SE2d 273) (1989). Instead, during the cross-examination of the officer, Taylor sought disclosure of the informant's identity and of the officer's knowledge of the informant's reliability to impeach the officer's in-court identification of him as the person who sold her drugs. Taylor's request was premised on the erroneous conclusion that the officer's identification was based solely on information obtained from the confidential informant. However, not only does the record show that the officer independently identified Taylor, at his arrest and at trial, based on her own observation of Taylor during the cocaine purchase, but disclosure is not authorized for impeachment purposes. *Hunt v. State*, 204 Ga. App. 799 (1) (420 SE2d 656) (1992). Therefore, we find no abuse of discretion in the trial court's refusal to compel disclosure of the informant's identity.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MARCH 9, 1995.

Cork & Cork, Patrick C. Cork, for appellant.
H. Lamar Cole, District Attorney, Robert T. Gilchrist, Assistant District Attorney, for appellee.