## A05A1438. KIDD v. THE STATE.
### (625 SE2d 440)

ADAMS, Judge.

Windell Ray Kidd appeals following his conviction by a jury of one count of cocaine possession and one count of giving a false name to a law enforcement officer. We affirm.

Early on the morning of December 11, 2001, Gwinnett County Police Officer Christian Reynolds was on patrol on Highway 29 near Lilburn, when he observed that the license plate on the pickup truck in front of him hung down at an angle because it was secured with only one screw. After the officer ran a computer check on the tag and determined that it was no longer assigned to the truck, he initiated a traffic stop. He approached the truck and asked the driver for his license and insurance card. In response, the driver produced a Florida driver's license in the name of Reginald Lanard Mosely and an insurance card in the name of Windell Kidd. When Officer Reynolds asked the driver about the discrepancy, he replied that he had borrowed the truck from his friend, Windell Kidd.

The officer ran a computer check on Mosely's license and determined that it had been suspended indefinitely. He then informed the driver that he was being placed under arrest for driving on a suspended license. The driver responded by stating that his name was not really Reginald Mosely. After placing the driver under arrest, the officer searched his wallet and discovered a social security card belonging to Mosely. Later, the driver identified himself as Windell Kidd, and a subsequent check on Kidd's driver's license revealed that it also had been suspended.

While taking an inventory of the vehicle prior to its impoundment, Gwinnett County Police Officer Mark Essex discovered a blank check in the name of Reginald Mosely and Priscilla Wallingford in the glove compartment. Kidd said the check belonged to his friend and his friend knew he had it. The officer also saw a blue baggie containing white powder in plain view on the front passenger seat right next to a denim jacket. The white powder subsequently tested positive for cocaine. When questioned by Officer Essex, Kidd admitted that the denim jacket was his, but stated that he did not know anything about the blue baggie and had no idea where it came from.

Kidd testified at trial and denied that the baggie with the cocaine belonged to him. He said that shortly before police stopped him, he picked up Mosely, whose car had broken down. Kidd stated that Mosely had been seated in the passenger seat and must have left his wallet in the truck when he got out. Kidd claimed that he had mistakenly picked up Mosely's wallet and given the officer Mosely's driver's license in lieu of his own identification card.

1. Kidd first contends that the trial court erred in admitting similar transaction evidence of Kidd's prior conviction for possession of crack cocaine. He asserts that the facts of that prior conviction were not sufficiently similar to the facts of the instant case and that the probative value was outweighed by the unfair prejudice of admitting the evidence.

As an initial matter we note that Kidd's trial attorney failed to object to the admission of this evidence at trial, and thus waived appellate review of this issue. "The rule requiring a trial objection on similar transaction evidence is firm in Georgia jurisprudence, and we are bound to follow it." (Citation and punctuation omitted.) *Chastain v. State*, 239 Ga. App. 602, 605 (2) (521 SE2d 657) (1999).

But even if the trial attorney had properly objected, we find that the trial court did not abuse its discretion in admitting the evidence.[1]

---

[1] The trial court's decision to admit a similar transaction into evidence will not be disturbed absent an abuse of discretion. See *Brooks v. State*, 230 Ga. App. 846 (1) (498 SE2d 139) (1998).

To secure the admission of similar transaction evidence, the state must make three affirmative showings:

> First, the state must identify a proper purpose for admitting the transaction; second, the state must show that the accused committed the separate offense; and third, the state must show a sufficient similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter.

*Williams v. State*, 273 Ga. App. 213, 216 (2) (614 SE2d 834) (2005). Here, the state introduced the testimony of Lieutenant Gary Lowe of the Lawrenceville Police Department. The officer testified that in March 1998 he responded to a disturbance call at a motel located off Highway 29 in Gwinnett County. While he was observing the premises, Lieutenant Lowe saw a vehicle drop Kidd off at the motel. Kidd fled inside the motel when he saw police. The officer followed, approached Kidd and asked him to put his hands on the wall. Kidd again fled. Lieutenant Lowe caught up with Kidd, and after restraining him, asked him to remove his hands from his pockets. Kidd refused. After the officer pulled Kidd's hands out, he discovered two rocks of crack cocaine. Kidd told the officer the cocaine was not his, but later pled guilty to cocaine possession. The state offered this evidence to show Kidd's bent of mind or course of conduct, specifically, to show Kidd's conduct in possessing small amounts of cocaine and when caught, denying that the cocaine belonged to him.

Kidd argues, however, that the two crimes are not sufficiently similar. He argues that unlike this case, in the first incident, he possessed crack, not powder, cocaine; he was not in a car; and he fled from police. He also asserts that in the first instance, the cocaine was found on his person and in the second, he had only constructive possession. But a prior offense does not have to be identical in every respect to the charged offense; there need only be a sufficient connection between the two. *Wells v. State*, 237 Ga. App. 109, 113 (4) (514 SE2d 245) (1999). Moreover, in determining the admissibility of similar transactions, courts should focus on their similarities, rather than their differences. *Houston v. State*, 270 Ga. App. 456, 458 (606 SE2d 883) (2004).

As the state notes, the two incidents occurred less than three years apart and both occurred along Highway 29 in Gwinnett County late at night. In both incidents, Kidd was either in a car or had just stepped out of a car, and possessed small amounts of cocaine, albeit in different forms. Additionally, both times when confronted by police, Kidd denied that the cocaine found on or near him belonged to him.

We find that the facts in the two instances were sufficiently similar to allow the introduction of the prior conviction into evidence and that the probative value of the evidence outweighed any prejudicial value. See *Gaston v. State*, 257 Ga. App. 480, 485 (4) (571 SE2d 477) (2002). Compare *Morris v. State*, 212 Ga. App. 779 (442 SE2d 792) (1994) (court held prior crime not sufficiently similar where it was too remote in time; involving completely different controlled substances, valium versus marijuana and amphetamines; and the defendant had constructive possession of drugs in the first instance and actual possession in the second).

2. Kidd next contends that the trial court's charge to the jury on possession improperly shifted the burden to him to prove that the cocaine did not belong to him. Kidd argues that the portion of the charge stating that the owner/driver of a vehicle is presumed to have contraband inside the vehicle under his control created a mandatory presumption that the cocaine belonged to him.

A charge that the owner of an automobile is presumed to be in possession of its contents is not impermissibly burden-shifting if the instructions make clear to the jury that the presumption is "permissive only, and that the duty still devolved upon the state to prove every element of the crime charged beyond a reasonable doubt." *Burdett v. State*, 159 Ga. App. 394 (2) (283 SE2d 622) (1981). Thus, for example, where a trial court charges the jury regarding the presumption, but makes clear that such inference "may be overcome by proof that others had access to the premises, [the charge] is not burden-shifting because it is not a mandatory presumption but is permissive." *Johnson v. State*, 164 Ga. App. 501, 503 (2) (297 SE2d 38) (1982).

Here, the portion of the trial court's instruction regarding this presumption made clear that it was not mandatory. The court charged:

> The owner/driver of a vehicle is presumed to have control over all items or things located within the vehicle. The presumption may be rebutted by other evidence. Whether you draw this inference is a matter solely within your discretion.

The court then charged the jury on the principle of equal access, stating:

> If you determine from the evidence that persons other than the defendant had equal opportunity to possess, or to place the articles of contraband upon the described premises, then, and in that event, you should acquit the defendant, unless it be shown, beyond a reasonable doubt, that the defendant knowingly possessed the contraband.

This charge does not shift the burden to the defendant to show that others had equal access, but rather "permits the proof to come from any source." *Johnson*, 164 Ga. App. at 503.

Moreover, "it is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error." (Citation and punctuation omitted.) *Hall v. State*, 273 Ga. App. 203, 206 (3) (614 SE2d 844) (2005). Here, in addition to the charges noted above, the judge charged the jury on the principles of presumption of innocence, the state's burden of proof, reasonable doubt, credibility of witnesses, circumstantial evidence, and actual and constructive possession. The judge also charged the jury that the burden of proof never shifted to the defendant to prove his innocence.

Given these charges, we find no merit to Kidd's argument that the charge on this presumption improperly shifted the burden to him. *Burdett*, 159 Ga. App. at 395. See also *Pittman v. State*, 208 Ga. App. 211, 213-214 (2) (430 SE2d 141) (1993); *Howard v. State*, 185 Ga. App. 215, 216 (2) (363 SE2d 621) (1987); *Sampson v. State*, 165 Ga. App. 833, 834 (3) (303 SE2d 77) (1983).

3. Kidd next raises for the first time on appeal that he received ineffective assistance of trial counsel. To preserve appellate review of a claim of ineffective assistance of prior counsel, a defendant's new counsel must raise the issue at the first possible stage of post-conviction review or the issue is waived. *Grier v. State*, 262 Ga. App. 777, 780-781 (3) (586 SE2d 448) (2003). Because Kidd's current appellate counsel was appointed after the appeal was docketed in this Court, the attorney had no opportunity to raise an ineffective assistance claim before the trial court. Thus, this appeal represents the earliest practicable opportunity to raise this claim, and under such circumstances, this Court generally will remand the case to the trial court for an evidentiary hearing on the issue. Id. But remand is not required "if we can determine from the record that [the defendant] cannot satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U. S. 668, 695-696 (104 SC 2052, 80 LE2d 674) (1984)." (Citation and punctuation omitted.) Id.

In order to prove his claim of ineffective assistance of counsel, Kidd must establish both prongs of the *Strickland* test: (1) that his trial counsel's performance was deficient and (2) that counsel's inadequate performance "so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency." (Punctuation and footnote omitted.) *Ward v. State*, 274 Ga. App. 511, 514 (4) (618 SE2d 154) (2005). "Failure to satisfy either prong of this two-part test is fatal to an ineffective assistance claim." Id. at 515.

Kidd asserts two grounds to support his claim of ineffective assistance of trial counsel. First, he contends that his trial attorney's performance was deficient in that he failed to object at trial to the admission of evidence regarding his prior cocaine conviction, thus waiving the issue for appellate review. But this argument does not provide a basis for finding that Kidd's trial counsel's performance was deficient. We have already found that the trial court properly admitted this evidence, and it is well settled that an attorney's failure to assert a futile objection provides no basis for a claim of ineffective assistance of counsel. *Page v. State*, 271 Ga. App. 541, 544 (2) (b) (610 SE2d 171) (2005).

Kidd also contends that his trial attorney was ineffective in failing to ask prospective jurors whether they knew any of the witnesses who might testify at trial. Kidd notes that during the trial, it was brought to the court's attention that one of the jurors knew one of the police officers who testified in the case. During the state's case, following Officer Essex's testimony, the bailiff presented the trial judge a note stating that one of the jurors, Mr. Dondoyano, knew the officer. In response, the judge responded, "That doesn't necessarily mean anything about the case." And he asked Mr. Dondoyano, "I just want to inquire have you ever spoke[n] to the witness about this particular case?" Mr. Dondoyano replied that he had not, and the judge continued with the trial.

We conclude that we cannot determine from the record before us whether the defendant can satisfy the *Strickland* test on this claim, and we, therefore, remand for an evidentiary hearing on this issue. *Francis v. State*, 275 Ga. App. 164, 166 (2) (620 SE2d 431) (2005).

*Judgment affirmed and case remanded. Smith, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 30, 2005 —
RECONSIDERATION DENIED DECEMBER 15, 2005 — ▮

*Lenzer & Lenzer, Thomas P. Lenzer*, for appellant.
*Daniel J. Porter, District Attorney, Donald P. Geary, Assistant District Attorney*, for appellee.