### 70527. CALLAHAN v. THE STATE.
(333 SE2d 179)

BIRDSONG, Presiding Judge.

Victor Eugene Callahan was convicted of theft by receiving stolen property of a value in excess of $500 and during the sentencing phase of the trial was found to be a fifth time recidivist. He was sentenced to serve ten years without benefit of parole. He brings his appeal enumerating in substance one alleged error dealing with the admission at trial of his statement made at his preliminary hearing which he claims was made without the benefit of counsel allegedly because Callahan had waived the representation of counsel without an understanding of the implications of such waiver. *Held*:

The facts giving rise to this enumeration show that two portable TVs were stolen from a TV rental store. One was found in a house of a friend of Callahan located across the street from the store and one was found in the house of Callahan's sister. Additionally, Callahan admitted to the resident of the other house that he (Callahan) had placed the second TV in the kitchen of the house. Callahan was identified to police as being a person having knowledge of the two missing TVs and was arrested on a charge of either theft by taking or theft by receiving. At the time of this arrest, Callahan was fully informed of his rights by the arresting officer and was admittedly aware that anything he said could be used against him. Later he was brought before a magistrate to enter his plea. He was advised by the magistrate that he (Callahan) was charged with a felony as well as a misdemeanor traffic offense. The magistrate then stated: "Now, you've got some choices to make. We're going to have a hearing on your case on the 31st of May which would be next week. Between now and then you can decide to go out and get your own lawyer, or you can represent yourself, and it's not a very good idea, or you can ask the court to

appoint you a lawyer. . . . Do you understand your choices? A. Yes, sir. Q. What do you want to do? A. Represent myself. Q. Now, you're doing that freely and voluntarily? A. Yes, sir."

A week later when Callahan appeared at the hearing without counsel, the magistrate noted that Callahan was appearing without counsel. The state called its witnesses and each was cross-examined with little or no difficulty by Callahan. However when Callahan decided to testify in his own behalf, the court reminded Callahan that while he had the right to explain his conduct, he subjected himself to cross-examination and cautioned him that whatever he said could and probably would be used against him. Callahan elected to make a statement in his own behalf and during that statement made certain incriminating admissions.

Relying upon *Faretta v. California*, 422 U. S. 806 (95 SC 2525, 45 LE2d 562), Callahan now urges that the ramifications of his waiver were not made sufficiently clear to him in order to enable him to make an intelligent, informed waiver nor did the magistrate sufficiently inform himself as to Callahan's understanding in order to grant the *pro se* representation. See *Johnson v. Zerbst*, 304 U. S. 458 (58 SC 1019, 82 LE 1461).

Certainly it is true that an accused may waive the right to counsel but whether there is a proper waiver should clearly be determined by the trial court upon the record. *Johnson v. Zerbst*, supra, p. 465. The evidentiary sufficiency of a waiver and its standards has been set down for the bench in this state by our Supreme Court in *Clarke v. Zant*, 247 Ga. 194, 196-197 (275 SE2d 49). A waiver usually amounts to an intentional relinquishment or even abandonment of a known right or privilege. When determining whether there has been an informed and intelligent waiver of such a right, each case must be determined upon its own peculiar facts and circumstance. This determination must be made by the trial court upon facts showing the decision was made by an accused with sufficient understanding of the rights and effects involved.

Looking to the facts appearing on the face of this record, we note that Callahan had been before a court on several earlier occasions, this being his fifth conviction. He was 21 years old and possessed an eleventh grade education. He was informed that he was facing a felony charge and that while he had the right to proceed *pro se*, it was not an advisable thing to do. He was in effect urged to get his own attorney and if he could not, one would be appointed for him at no expense to himself. He had already experienced some difficulty with the presentation of his defense prior to making his own statement and had to be aware of the procedural and substantive difficulties of proceeding without the services of an attorney. The trial court had satisfied itself that Callahan was aware of the right to proceed with or

without a lawyer and had the assurances of Callahan that he (Callahan) wanted to proceed alone.

While a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, the record should reflect that he was aware of the dangers and disadvantages of self-representation so as to reflect that he knows what he is doing and his choice is made with eyes open. Parenthetically, we note that when he came on for trial, Callahan recognized the disadvantages of self-representation and successfully sought the trial court to give him a court-appointed attorney.

As did the Supreme Court in *Clarke v. Zant*, supra, p. 197, we recognize the dilemma facing a trial court when a defendant expresses a desire to represent himself. If the court allows the *pro se* representation, the court will be faced (as here) with a charge that the waiver of counsel was not proper, and if he insists upon appointing counsel, the court may be faced with the charge that the defendant was thus deprived of his constitutionally protected right of self-representation. While perhaps the magistrate possibly could have fleshed out the skeletal explanation afforded Callahan, we are satisfied that the court was aware that Callahan was no stranger in the courtroom. He had advised Callahan of his right to court-appointed counsel or to obtain his own counsel and advised that it was not advisable to seek to proceed on a felony charge without services of a lawyer. Callahan was specifically asked if he understood his rights and if he affirmatively desired to waive counsel and proceed with self-representation. Under such circumstances, we are satisfied that the record in this case at least minimally shows sufficiently that Callahan's choice was made after his right to counsel had been made known to him and was aware of the dangers of proceeding without counsel. This satisfies the standards laid down by the Supreme Court in *Clarke v. Zant*, supra, p. 197.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED JULY 3, 1985.

*Jeffrey Gilley, Timothy W. Floyd*, for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney*, for appellee.