72263. SHAVERS v. THE STATE.
(345 SE2d 134)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of two counts of mutiny in a penal institution. *Held*:

1. Defendant contends that the trial court erred in failing to provide him with effective assistance of counsel after he and his initial court-appointed counsel could not agree on his defense. However, the record shows a knowing and intelligent waiver of counsel. *Clarke v. Zant*, 247 Ga. 194 (275 SE2d 49). The trial court advised defendant of the dangers of proceeding without an attorney, emphasizing the hazards arising from an ignorance of the rules of evidence and a higher probability of conviction. Defendant repeatedly stated his desire to represent himself. We are satisfied that the record shows that defendant was aware of his right to counsel and of the dangers of proceeding without counsel. This satisfies the standard laid down in *Clarke v. Zant*, 247 Ga. 194, 196, supra. See *Callahan v. State*, 175 Ga. App. 303, 305 (333 SE2d 179). Although defendant chose to proceed pro se, his court-appointed counsel was present during trial to give defendant advice should the defendant have sought same. See *Bowen v. State*, 173 Ga. App. 361 (2) (326 SE2d 525). This enumeration of error is without merit.

2. Defendant enumerates as error the trial court's refusal to sustain his objection to hearsay evidence. Defendant argues that the State's witness referred to "medical reports" which were not in evidence and that he made a sufficient "layman's objection" to such testimony which suggested that the witness' testimony was hearsay and not the highest and best evidence.

Upon our reading of the transcript, we fail to find the circumstances which support defendant's argument on appeal. The State's witness, a correctional officer, was testifying on cross-examination to having been repeatedly kicked by the defendant. The correctional officer stated that he had been treated by a doctor and defendant objected to that portion of the correctional officer's testimony "because I don't have no medical report of him having been treated by no doctor." We find no hearsay or best evidence objection, rather it appears that defendant was objecting at trial to the failure to produce any medical report presumably in response to pre-trial motions. The objection at trial was not sufficient to preserve an entirely different issue for review on appeal. *Jones v. Cloud*, 119 Ga. App. 697, 702 (2) (168 SE2d 598); *Crider v. State*, 114 Ga. App. 522, 523 (2) (151 SE2d 791); *Harris v. State*, 156 Ga. 582 (1) (119 SE 519). Additionally, we note that the contentions argued by defendant on appeal are without merit as the correctional officer's testimony that he was treated by a doctor was neither hearsay nor in violation of the best evidence rule. This enumeration of error is without merit.

3. Defendant enumerates as error the trial court's charge to the jury on the issue of intent, contending that the charge given was declared unconstitutional in *Francis v. Franklin*, 471 U. S. ___ (105 SC 1965, 85 LE2d 344). However, the charge at issue is substantially dif-

ferent from that disapproved in *Francis* in that it does not involve a mandatory presumption.

The trial court charged "[i]ntent is an essential element of any crime and must be proved by the State beyond a reasonable doubt. A person will not be presumed to act with criminal intention but the trier of facts, that is the jury, may find such intention upon consideration of the words, conduct, demeanor, motive and all other circumstances connected with the act for which the accused is prosecuted." In *Francis v. Franklin*, 471 U. S. ___, supra, reference was made to similar language as being insufficient (in the context it was given in that case) to correct the error injected by the giving in charge of a mandatory rebuttable presumption (on the issue of intent). The language at issue in the case sub judice was not disapproved in *Francis* and applying the analysis provided in that case we find that this charge is not burden shifting. See also *Mason v. State*, 177 Ga. App. 184, 187 (4) (338 SE2d 706).

4. Defendant also contends the following language, given in charge to the jury was burden shifting: "Now, the defendant comes into court and by his pleading not guilty contends that the State *has not proved his guilt* of the offenses charged to a reasonable and moral certainty and beyond a reasonable doubt. *If, from a consideration of the evidence or from a lack of evidence, you believe this contention of the defendant to be the truth*, or if there rests upon your minds a reasonable doubt as to his guilt, then it would be your duty to acquit the defendant. . . ." (Emphasis supplied.) This language is in no way in conflict with those portions of the charge placing the burden of proof on the State. Indeed, our reading of the complained-of language shows that it incorporates the State's burden in that it requires acquittal should the State fail to prove defendant's guilt "to a reasonable and moral certainty and beyond a reasonable doubt." The trial court, by stating that defendant contends the State has not met its burden, does not suggest that any burden rests upon the defendant. We find no way in which a reasonable and rational jury could understand this charge as imposing any burden upon the defendant. *Francis v. Franklin*, 471 U. S. ___, supra.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED MAY 7, 1986.

*Francis Stubbs*, for appellant.

*Dupont K. Cheney, District Attorney, J. Steven Archer, Assistant District Attorney*, for appellee.