A90A0964. PONDER v. THE STATE.
(397 SE2d 596)

SOGNIER, Judge.

In *Ponder v. State*, 191 Ga. App. 346 (381 SE2d 534) (1989), we remanded Frankie Ponder's appeal from his conviction on two counts of violating the Georgia Controlled Substances Act with direction that the trial court conduct a post trial, in camera proceeding, as explained in *Moore v. State*, 187 Ga. App. 387 (2) (370 SE2d 511) (1988), in regard to Ponder's motion to disclose the identity of the confidential informant used by the police. Upon remand, the trial court conducted a *Moore* hearing, at which the informant's identity was disclosed to the court, the informant was placed under oath and questioned, and the sworn testimony was reported and transcribed. Thereafter the trial court, in its order, found that the informant's testimony was substantially the same as the police officer who testified at appellant's trial and concluded that any error in the trial court's earlier failure to require disclosure of the identity of the confidential informant was harmless. Ponder brings this appeal from the trial court's ruling that a new trial was not required. See *Moore*, supra at 393-394.

*Moore* established that the proceedings for determining whether a confidential informant's identity should be disclosed are to be conducted in the trial court's chambers, and set forth elaborate measures to be taken to ensure that the identity of the informant would not be revealed unless disclosure was found to be necessary by the trial court. The trial court in the case sub judice properly followed these measures. Appellant argues, however, that because the State was represented at the in camera examination of the informant and was allowed to question the informant, then either he or his counsel was likewise entitled to be present during the proceeding in order to cross-examine the informant, and that the exclusion of appellant

and/or his counsel from the *Moore* hearing violated appellant's right to confront a witness against him.

Appellant mistakes the purpose of the in camera examination of the confidential informant required by *Moore*. Under *Moore* the testimony of the individual in issue, an informant-witness, has already been classified as "material to the appellant on the issue of his guilt or innocence." Id. at 391. In a *Moore* hearing the informant is examined *not* to provide additional testimony as to appellant's guilt or innocence, but rather to determine whether the failure to disclose the informant's identity (thereby resulting in the probable exclusion of the informant's testimony at trial) was prejudicial or harmless under the standard set forth in *LaRue v. State*, 137 Ga. App. 762, 764 (224 SE2d 837) (1976). *Moore*, supra at 392. Given that the issue for determination in the *Moore* hearing did not place the State in a position adverse to appellant in regard to his guilt or innocence on the charged crime, but rather centered on establishing an evidentiary basis for the trial court to determine the possible impact on appellant's trial of the exclusion of the informant's testimony, we do not agree with appellant that any Sixth Amendment confrontation right was infringed at the *Moore* hearing either by the presence of or by the questions posed to the informant by the assistant district attorney. Accordingly, contrary to appellant's contention, neither he nor his counsel was entitled to be present at the in camera examination of the informant under *Coy v. Iowa*, 487 U. S. 1012 (108 SC 2798, 101 LE2d 857) (1988). We further note that the Georgia Supreme Court has held that a trial judge's in camera inspection of challenged evidence meets the requirements of *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), see *Fleming v. State*, 236 Ga. 434, 438 (224 SE2d 15) (1976), and that the federal courts do not recognize any right in a defendant in a *Brady* context to peruse challenged evidence personally. See *Payne v. State*, 233 Ga. 294, 297 (I) (210 SE2d 775) (1974).

We find no merit in appellant's alternate argument that language in *Moore* supports a contrary result. Appellant relies upon the statement that "[b]oth the defendant and the State shall be entitled to present any relevant evidence or to present argument bearing on the sole issue of whether the error in failing to reveal the informant's identity was prejudicial or harmless. . . . Thereafter, the trial judge shall resolve this issue and enter an appropriate judgment." Id. at 393. However, a reading of this language in its proper context reveals that it applies only to situations where the State cannot produce the informant for the in camera proceeding, and a post trial hearing is conducted in the presence of the parties to determine the circumstances surrounding the informant's nonavailability. Id. at 392-393. See also *Castillo v. State*, 166 Ga. App. 817, 823 (4) (305 SE2d 629) (1983). Such a situation was not presented in the case sub judice.

Further, appellant's argument overlooks the discussion as to why the *Moore* court found use of an in camera proceeding under the particular circumstances arising therein to be "invaluable." The use of an in camera proceeding "can insure that both the identity of an informant can continue to be lawfully protected and that appellant's fair trial rights will be adequately safeguarded, even after an appellant has met the threshold requirements for disclosure of *Roviaro [v. United States*, 353 U. S. 53 (77 SC 623, 1 LE2d 639) (1957)] and *Thornton [v. State*, 238 Ga. 160 (231 SE2d 729) (1977)]." (Emphasis deleted.) *Moore*, supra at 393. It is thus apparent that to construe the language in *Moore* upon which appellant relies so as to find that appellant or his counsel was entitled to be present at the questioning of the informant in the trial judge's chambers would necessarily result in the informant's identity being disclosed to the defense. As that interpretation would defeat the elaborate measures set forth in *Moore*, which the trial court is required to take, to protect the informant's identity, we are not persuaded to follow it.

Therefore, since the *Moore* hearing was properly conducted, and the record supports the trial court's finding that the informant's testimony was substantially the same as the police officer who testified at appellant's trial, so that the failure to disclose the informant's identity was harmless error, see id. at 393, the trial court properly ruled that the informant's identity was not required to be disclosed to the defense and that a new trial was not required.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 21, 1990.

*Andrews & Seery, S. Andrews Seery,* for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney,* for appellee.