## A90A2204. SIMMONS v. THE STATE.
### (400 SE2d 679)

Deen, Presiding Judge.

Appellant Simmons was convicted by a Catoosa County jury of selling marijuana. The sale, at which an undercover agent purchased six grams of the drug, was arranged through a confidential informant, who accompanied the agent to appellant's residence for the "buy" and witnessed it first-hand. The substance purchased was turned over to the Georgia Crime Laboratory, where it was positively identified as marijuana.

Both appellant and his co-defendant (not a party to this appeal) testified that no sale had taken place and that the co-defendant had not come to appellant's house (the site of the transaction) at the time when the violation was supposed to have taken place. Several of co-defendant's relatives and friends testified that he had not left his own home during that time. At the close of the State's case the defense moved for a directed verdict on the grounds of (1) improperly admitted evidence and (2) failure to disclose the identity of the confidential informant so that compulsory process might issue and the informant be cross-examined by the defense. Appellant enumerates as error the trial court's denial of the motion and failure to disclose the informant's identity. *Held*:

According to the trial transcript, four persons were present during the undercover agent's purchase of marijuana: the agent, appellant and his co-defendant, and the confidential informer. Waiting in the car outside appellant's house was another law enforcement officer, who recorded the license numbers of vehicles parked in or entering the driveway while the "buy" was in progress. The sole parked vehicle was determined to be registered in co-defendant's name. During the transaction a second vehicle entered the driveway and the driver entered appellant's house. The license number of this automobile, when traced by the second officer, indicated that the vehicle belonged to a woman friend of appellant's wife who subsequently testified that neither she nor her car had been at appellant's residence during the significant time. In contending that the identity of the confidential

informant should have been revealed so that he might be summoned as a witness, appellant relies on *Moore v. State*, 187 Ga. App. 387 (370 SE2d 511) (1988), which in turn rests upon *Roviaro v. United States*, 353 U. S. 53 (77 SC 623, 1 LE2d 639) (1957). In *Roviaro*, the Court had concluded, at 60-61, that "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege [of withholding his identity] must give way." After applying a balancing test which weighed "the public interest in protecting the flow of information against the individual's right to prepare his defense[,]" id. at 62, *Roviaro* went on to find error in the failure to reveal the informant's identity in that particular fact situation, where the informant and the accused were the sole participants in the transaction and the informant was therefore "the only witness in a position to *amplify or contradict* the testimony of government witnesses." (Emphasis supplied.) Id. at 64. In a similar fact situation this court held in *Moore* at 391: "[U]nder the currently existing facts . . . the identity of the informer should have been disclosed."

Although the instant case differs in several particulars from *Roviaro* and *Moore*, the fact situations are essentially similar. We therefore find that it was error not to reveal the identity of the confidential informant. *Jones v. State*, 192 Ga. App. 186 (384 SE2d 273) (1989).

In order to warrant reversal, however, the error must be prejudicial. In *Moore v. State*, supra at 392, this court went on to prescribe procedures for determining whether, when non-disclosure is held to be error, it must be considered prejudicial. Among the procedures is that the judge hold a post-trial in camera proceeding at which the informant testifies under oath, the testimony being reported, transcribed, and sealed; and that the trial judge then determine whether failure to reveal the informant's identity has been prejudicial to the defendant. In the case at bar the trial judge conducted such a hearing, the entire proceeding was recorded, and the transcript was sealed and transmitted to this court as a part of the record. We have unsealed and examined this transcript and find that it meets the criteria of both *Roviaro* and *Moore*, supra, and therefore supports the denial of disclosure. We find no merit in appellant's enumeration.

*Judgment affirmed. Pope and Beasley, JJ., concur specially.*

BEASLEY, Judge, concurring specially.

I concur in the judgment but not in the ruling that the nondisclosure of the identity of the confidential informant was error.

Defendant moved to compel disclosure of the confidential informant, citing *Roviaro v. United States*, 353 U. S. 53 (77 SC 623, 1

LE2d 639) (1957); *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963); and *Moore v. State*, 187 Ga. App. 387 (370 SE2d 511) (1988). After the jury was selected, and during the noon recess before trial commenced, the court examined the confidential informant under oath in camera. The trial court thereafter ruled that the evidence which would be given by the confidential informant would not be exculpatory of defendant nor supportive of any of his proposed possible defenses.

The transcript of that interview was sealed and included in the record. It substantiates the trial court's conclusion regarding the informer-witness in this case, so that *Brady* was not violated and it thus became unnecessary to apply the balancing test of *Roviaro*. As instructed in *Thornton v. State*, 238 Ga. 160, 165 (2) (231 SE2d 729) (1977): "The trial judge must . . . conduct a hearing on the merits of the Brady motion and if he finds the evidence material under Brady weigh it against the state's privilege under Roviaro." Since the disclosure of the informant was not "material to the defense on the issue of guilt or punishment," the court did not have to "go further and weigh the materiality of the informer's identity to the defense against the state's privilege not to disclose his name under Roviaro." Id. at 165.

This is not a case where the court refused to conduct a hearing in this regard, as in *Thornton*, which omission was adjudicated error on appeal. The cure was remand for a post-trial hearing, *not* initially to determine whether failure to order disclosure was harmless but rather to determine whether disclosure should have been required in the first place. Ibid. Where it is not error to refuse disclosure because of what is brought out at an in camera hearing, a consideration of the harmless error rule is not reached.

The disclosure of an informer-witness is not automatically mandated just because he is the only person who observed the alleged transaction between defendant and the officer. If his or her testimony would not exculpate defendant, or provide evidence material to the defense, then his or her identity need not be ordered revealed. The test is stated in *Roviaro*, supra at 60-61: "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." The record demonstrates that such is not the case here.

I am authorized to state that Judge Pope joins in this special concurrence.

124

Decided December 5, 1990 —
Rehearing denied December 18, 1990.

*Jahn, Jahn & Cavett, Jerry W. Weeks,* for appellant.
*Ralph Van Pelt, Jr., District Attorney, John L. O'Dell, Assistant District Attorney,* for appellee.