## A92A0816. GRAY v. THE STATE.
(418 SE2d 412)

McMURRAY, Presiding Judge.

Via indictment, defendant was charged with two counts of selling cocaine. He was convicted upon one of the two counts and sentenced to serve 30 years in the penitentiary. This appeal follows the denial of defendant's motion for a new trial. *Held*:

1. The State sought to prove that on two separate occasions, defendant sold pieces of crack cocaine to an undercover agent for $20. Defendant asserted that he did not make the sales and that he had been misidentified by the undercover agent. The sales were witnessed by a confidential informant and defendant moved to disclose his identity. The trial court denied defendant's motion after the informant testified under oath at an in-camera hearing conducted prior to trial. Defendant assigns error upon the denial of the motion to disclose the identity of the confidential informant.

We have examined the transcript of the in-camera hearing and the transcript of the trial and find no error because neither the disclosure of the informant's identity nor the contents of his testimony would benefit the defense or serve the discovery of truth. See generally *Roviaro v. United States*, 353 U. S. 53, 60, 61 (77 SC 623, 1 LE2d 639); *Thornton v. State*, 238 Ga. 160, 162 (2), 165 (231 SE2d 729); *Moore v. State*, 187 Ga. App. 387 (370 SE2d 511). As it is said: "The disclosure of an informer-witness is not automatically mandated just because he is the only person who observed the alleged transaction between defendant and the officer. If his or her testimony would not exculpate defendant, or provide evidence material to the defense, then his or her identity need not be ordered revealed." *Simmons v. State*, 198 Ga. App. 121, 123 (400 SE2d 679) (concurring opinion by Judge Beasley). Defendant's first enumeration of error is without merit.

2. In his second and third enumerations of error, defendant complains that neither he nor his attorney were permitted to attend the in-camera hearing and cross-examine the confidential informant. Defendant's complaint is controlled adversely by *Ponder v. State*, 197 Ga. App. 21 (397 SE2d 596), in which this Court held that neither defendant nor his attorney are entitled to be present at the in-camera

examination of a confidential informant.

3. Defendant contends the trial court erred in permitting the State to introduce evidence of two previous drug offenses. In one offense, defendant was convicted of selling a small quantity of marijuana to an individual in 1984. In the other offense, defendant was convicted of possession of cocaine in 1989. In the possession case, defendant was posted as a lookout in connection with the sale of cocaine. We find no error.

"The *only* separate crimes which are admissible are those that are either similar *or* logically connected to the crime for which defendant is being tried. Crimes which are not similar or which are not logically connected to the crime for which defendant is being tried should be excluded from evidence. Proof of crimes which *are* similar or *are* closely connected to the crime charged *does* tend to establish the crime charged.

"Drug cases are no different from any other cases. If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct. . . .

"We have here involved a case of the 'typical swearing match' as described in *Hart v. State*, 149 Ga. App. 785 (256 SE2d 127) (1979). The police officer testifies the defendant sold him drugs; the defendant says 'It wasn't me.' The jury looking at the police officer, would see an undercover agent 'in the business' of buying drugs from many people. They might consider that the officer making one drug buy from one individual could be mistaken about who that individual was. However, when [evidence is introduced that defendant sold drugs on other occasions], the jury could consider that the likelihood that the officer is mistaken about that person's identity is greatly diminished." *State v. Johnson*, 246 Ga. 654 (1), 655 (272 SE2d 321) (1980). It cannot be said that the trial court erred in allowing the State to introduce evidence of the previous drug crimes committed by defendant. *Wilson v. State*, 194 Ga. App. 261, 262 (2) (390 SE2d 609); *Roney v. State*, 192 Ga. App. 760, 762 (2) (386 SE2d 412).

4. Defendant contends the trial court erred in charging the jury that evidence of similar crimes could be considered to "show defendant's state of mind, and for that purpose alone." We fail to see how the trial court's charge could have harmed defendant. Evidence of similar crimes is admissible to show identity, motive, plan, scheme, bent of mind, or course of conduct. *Wilson v. State*, 194 Ga. App. 261, 262 (2), supra. By placing a limit on the use of similar crime evidence, the trial court ruled favorably, not adversely, to defendant. The fifth enumeration of error is without merit.

5. At the outset of the preliminary hearing, the magistrate asked

defendant if he wanted a "private or public lawyer in this case?" Defendant responded negatively and entered a plea of "not guilty." Thereupon, the undercover agent took the stand and described the events leading to defendant's arrest. Representing himself, defendant cross-examined the agent, asking questions which could lead one to conclude that he was implicating himself in the crime.

At trial, defense counsel tried to show that another person was present when the undercover agent purchased the cocaine. In this connection, she cross-examined the agent about his testimony at the preliminary hearing. Over defendant's objection, the assistant district attorney was then permitted to read defendant's questions and the agent's answers from the preliminary hearing transcript and to elicit an affirmative response as to whether the transcript accurately reflected "the testimony that was given and the questions asked by Mr. Gray at that hearing?"

Subsequently, after the jury began its deliberations, it sent a note to the trial court asking whether "the statement made by Mr. Gray acting as his own attorney can be used as evidence. . . ." Asking the parties to state their respective positions on the matter, defense counsel advised the court that any statement made by defendant during his pro se representation was inadmissible because defendant was not advised of his constitutional rights. The assistant district attorney disagreed, asserting that defendant's decision to represent himself "was a voluntary act" and that, therefore, any statement made by defendant during the course of the preliminary hearing was admissible.

The trial court determined that defendant's statement was admissible as an admission against interest or a prior inconsistent statement. Accordingly, the court instructed the jury that it could consider the defendant's statement as evidence and give it whatever weight they deemed appropriate. Defendant assigns error upon that instruction.

In our view, the trial court erred in instructing the jury that it could consider defendant's statement at the preliminary hearing as evidence. After all, any statement which defendant made during the course of his self-representation stemmed from his decision to represent himself. And it does not appear that defendant chose to represent himself at the preliminary hearing voluntarily.

In *Faretta v. California*, 422 U. S. 806 (95 SC 2525, 45 LE2d 562) (1975), the United States Supreme Court held that a defendant in a criminal case has a right to represent himself "when he voluntarily and intelligently elects to do so." Id. at 806. In so holding, the high court stated: "Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will es-

tablish that 'he knows what he is doing and his choice is made with eyes open.' [Cit.]" Id. at 835.

"In determining whether or not an accused has adequately waived his right to counsel and elected to exercise his constitutional right to represent himself, the courts will apply the standard set forth in Johnson v. Zerbst, 304 U. S. 458 (58 SC 1019, 82 LE 1461) (1937). Faretta v. California, supra. *Taylor v. Ricketts*, 239 Ga. 501 (238 SE2d 52) (1977), applied the Johnson v. Zerbst standard that 'A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.' Johnson v. Zerbst, supra at 464. It is also clear from Johnson v. Zerbst that the trial judge has the responsibility of determining whether the accused has intelligently waived his right to counsel. 'The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused — whose life or liberty is at stake — is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.' Johnson, at 465." *Clarke v. Zant*, 247 Ga. 194, 196 (275 SE2d 49).

In the case sub judice, the record does not reflect a knowing and intelligent waiver of defendant's right to counsel at the preliminary hearing. Defendant was simply asked at the outset of the hearing if he wanted an attorney; he responded that he did not. Compare *Singleton v. State*, 176 Ga. App. 733 (337 SE2d 350), in which that defendant was advised on at least three occasions that he had a right to be represented by a lawyer and he waived his right to counsel on the record. Furthermore, in the case sub judice, defendant was not advised of the dangers of proceeding pro se. Compare *Shavers v. State*, 179 Ga. App. 45, 46 (1) (345 SE2d 134), where the trial court advised the defendant that it was dangerous to proceed without counsel, emphasized the importance of knowing the rules of evidence, and stressed that if defendant chose to represent himself there would be a higher probability of conviction.

Based on the record before us, it cannot be said that defendant knew what he was doing when he decided to proceed pro se. It follows that the trial court erred in charging the jury that the statement which defendant made at his preliminary hearing could be considered as evidence. Compare *Callahan v. State*, 175 Ga. App. 303 (333 SE2d

179), in which this Court deemed a statement that defendant made at his preliminary hearing to be admissible because defendant was familiar with the criminal justice system, possessed an 11th grade education, and was informed that while he could represent himself it was not an advisable thing to do.

*Judgment reversed. Sognier, C. J., and Cooper, J., concur.*

DECIDED APRIL 21, 1992.

*Nancy M. Markle,* for appellant.
*Lewis R. Slaton, District Attorney, Penny A. Penn, Charles W. Smegal, Assistant District Attorneys,* for appellee.