A96A0964. WRIGHT v. THE STATE.
(474 SE2d 121)

BLACKBURN, Judge.

Warren Wright appeals his conviction of robbery by sudden snatching.

1. Wright contends that the evidence was not sufficient to warrant a conviction and the verdict was against the weight of the evi-

dence.

Viewing the evidence in the light most favorable to the verdict, on September 20, 1994, Wright and a companion visited the Big A Package Store in Americus, Georgia six times. A store clerk testified that, on the sixth visit, Wright's companion diverted her attention from the cash drawer by requesting lottery tickets. While obtaining the requested tickets, the clerk heard something out of the ordinary. Turning around to investigate, she noticed that Wright had one of his hands in the store's cash drawer. As the clerk approached Wright, she saw that he had at least three rolls of quarters in his left hand.[1] The clerk called the office manager for assistance. Although Wright was informed that the police were going to be called, rather than staying to settle the matter, Wright denied any wrongdoing and walked off the premises. Wright was later apprehended by the police. The office manager testified that after the incident the cash drawer only contained $240, although it was company policy to keep $300 in the cash drawer at all times.

The elements of robbery by sudden snatching are outlined in OCGA § 16-8-40 (a): "A person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another . . . [b]y sudden snatching." Under the guidelines of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we find that the evidence was sufficient to enable a rational trier of fact to find Wright guilty beyond a reasonable doubt of robbery by sudden snatching.

2. Wright contends that the trial court erred in allowing him to represent himself at trial. Specifically, Wright contends that he did not make a knowing and intelligent waiver of counsel. The record, however, reveals that before allowing Wright to represent himself, the trial court carefully explained to Wright the potential risks of proceeding without counsel. Specifically, the trial court informed Wright that if he waived his right to counsel, he would still be bound by the same rules of evidence and procedure that his counsel would have been bound by, and that he would not be allowed to argue ineffective assistance of counsel on appeal. In addition, the trial court informed Wright that, although he could seek assistance from his hired counsel during the trial, only Wright would have a speaking role in the trial of his case. Considering the record before us, we are satisfied that Wright's choice to represent himself was made after he was made aware of his right to counsel and of the dangers of proceed-

---

[1] Wright testified that, instead of rolled quarters, he was carrying shotgun shells which he recently purchased in the liquor store parking lot from a person he could only identify as "B." Neither shotgun shells nor rolled quarters were ever discovered on Wright's person or in the brown bag he was alleged to have been carrying when he left the store.

ing without counsel. Accordingly, this enumeration is without merit. See *Shavers v. State*, 179 Ga. App. 45, 46 (345 SE2d 134) (1986).

3. Wright contends that he was denied effective assistance of counsel. "[W]hen a criminal defendant elects to represent himself, either solely or in conjunction with representation or assistance by an attorney, he will not thereafter be heard to assert a claim of ineffective assistance of counsel with respect to any stage of the proceedings wherein he was counsel." *Mullins v. Lavoie*, 249 Ga. 411, 412-413 (290 SE2d 472) (1982). The trial court expressly informed Wright of this rule of law prior to accepting Wright's request to represent himself. Therefore, this enumeration is without merit.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED JULY 12, 1996.

*Donald L. Lamberth*, for appellant.

*John R. Parks, District Attorney, Richard E. Nettum, Assistant District Attorney*, for appellee.