A97A1730. COOK v. THE STATE.
(490 SE2d 181)

ELDRIDGE, Judge.

William P. Cook, proceeding pro se, was tried by a jury in the State Court of DeKalb County and was convicted of the offense of simple battery in that he made contact of an insulting and provoking nature by kissing the alleged victim. Now represented by counsel, Cook appeals from the denial of his motion for new trial, and in his sole enumeration of error, contends that the trial court erred in allowing him to represent himself at trial without: (1) affirming that he had a right to counsel and warning him of the dangers of proceeding pro se; and (2) ascertaining why he was no longer represented by previously retained counsel and establishing if he was financially qualified to receive the benefit of a public defender. We affirm appellant's conviction.

Appellant retained and was represented by an attorney who entered a "not guilty" plea, filed motions, and made several court appearances on appellant's behalf. Trial was initially scheduled for November 13, 1996, which trial date was rescheduled to December 4, 1996, because of a conflict in appellant's attorney's calendar. The trial was, again, rescheduled to January 15, 1997, for conflict reasons.

On December 31, 1996, appellant's attorney moved to withdraw

from the representation of appellant due to appellant's failure to pay attorney fees; such motion was granted by the trial court on January 10, 1997. On the January 15, 1997 trial date, appellant, pro se, obtained a re-set until March 17, 1997.

On March 17, 1997, appellant announced that he wished to plead "not guilty"; that he wished to have a jury trial; and that he was representing himself at trial. Appellant informed the court that he was a 45-year-old college graduate, and although he had previously been represented by counsel, he had chosen to represent himself. The trial court, in detail, informed appellant of the procedures that would be followed at trial, and asked appellant for any questions; appellant had none. The trial court informed appellant of the nature of the offense and the maximum punishment he faced upon conviction for the offense; appellant was informed of the recommended probation plea bargain offer and that the court was inclined to impose the State's offered probation sentence if accepted by appellant; appellant was informed that, after hearing all the evidence, facts, and circumstances in the case, a finding of guilt by a jury might result in a greater sentence than the recommended probationary plea offer; and appellant was informed that all the rules of evidence and procedure would apply to him, although he was not trained as an attorney. Thereafter, appellant informed the court that he still wished to represent himself at trial.

After the colloquy and on the record, the trial court required appellant to sign a form entitled "Waiver of Right to the Assistance of Counsel During Trial," wherein appellant placed his initials beside the statement, "I understand that I am not eligible for the assistance of the public defender and I have decided to represent myself at trial."[1] Appellant then signed the form which included, inter alia, information that appellant had the right to remain silent at trial, and that a lawyer would be better able "to discover and raise defenses to the charge against [appellant], discover weaknesses in the State's case, and/or offer advice that might otherwise benefit [appellant] during trial." Thereafter, the trial court, on the record, asked appellant, "Mr. Cook, you have signed the waiver of assistance of counsel indicating that you understand you are not eligible for the assistance of the public defender, and you have decided to represent yourself at trial?" Appellant replied, "That is correct, Your Honor."

---

[1] Appellant chose to initial this statement disclaiming eligibility for the public defender's assistance in lieu of the two other choices on the form: "I understand that I *am* eligible for the assistance of the public defender but I do not request the assistance of the public defender and have decided to represent myself at trial"; and "I understand that I *may* qualify for the assistance of the public defender but I have chosen not to make application for such assistance and choose to represent myself." (Emphasis supplied.)

The trial court then made a specific finding that appellant's decision to represent himself at trial was freely, voluntarily, and intelligently. made with the understanding of the consequences of self-representation.

We find that appellant was aware of his right to counsel at trial and was adequately advised of the dangers of proceeding pro se. "The trial court advised defendant of the dangers of proceeding without an attorney, emphasizing the hazards arising from an ignorance of the rules of evidence and a higher probability of conviction. Defendant repeatedly stated his desire to represent himself. We are satisfied that the record shows that defendant was aware of his right to counsel and of the dangers of proceeding without counsel. This satisfies the standard laid down in *Clarke v. Zant*, 247 Ga. 194, 196 [(275 SE2d 49) (1981)]. See *Callahan v. State*, 175 Ga. App. 303, 305 (333 SE2d 179) [(1985)]." *Shavers v. State*, 179 Ga. App. 45, 46 (345 SE2d 134) (1986); *Wright v. State*, 222 Ga. App. 320, 321 (474 SE2d 121) (1996).

Further, the record demonstrates that at the time appellant's previously retained counsel withdrew, his trial was continued for two months, during which time appellant did not hire another attorney but, instead, decided to represent himself. The record shows that appellant, a supervisor for eight years with the Fulton County Department of Family & Children Services, informed the trial court that he was *not* eligible for the assistance of a public defender, that he wanted to represent himself, and that the trial court questioned him upon such during the waiver colloquy. The record shows, additionally, that on March 20, 1997, three days after his March 17 conviction, appellant did retain counsel, who immediately filed a motion to modify sentence, motion for new trial, and, subsequently, a notice of appeal. Unlike the cases upon which appellant relies, the record in the instant case shows that at no time did appellant indicate to the court that he needed additional time in which to hire an attorney; at no time did the court *order* appellant to trial without representation; and at no time was appellant's lack of representation due to "circumstances beyond his control." See, e.g., *Prater v. State*, 220 Ga. App. 506 (469 SE2d 780) (1996); *Hasty v. State*, 215 Ga. App. 155 (450 SE2d 278) (1994); *Houston v. State*, 205 Ga. App. 703 (423 SE2d 431) (1992). Quite to the contrary, the record in the case sub judice demonstrates that appellant *could* have retained counsel, but chose not to.

The presumption is against waiver, and it is the responsibility of the trial court, when the accused is without counsel, to clearly determine whether there has been a proper waiver. The record in the present case demonstrates that appellant knowingly, voluntarily, and intelligently waived his right to counsel after the trial court properly

advised and explained to appellant the dangers of proceeding pro se. Under the facts of this case, there was a knowing and intelligent waiver, and appellant's motion for new trial was properly denied.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED JULY 28, 1997.

*H & M Johnson, Henry C. Johnson, Jr., E. Duane Jones*, for appellant.

*Ralph T. Bowden, Jr., Solicitor, W. Cliff Howard, Ladonya M. Horton, Assistant Solicitors*, for appellee.