## A98A0358. GRANT v. THE STATE.
### (496 SE2d 325)

ELDRIDGE, Judge.

The defendant, Stanley Grant, Jr., was indicted for selling cocaine in violation of the Georgia Controlled Substances Act. The defendant was found guilty by a jury and sentenced to life in prison. He filed a motion for new trial which was denied. It is from this order that the defendant appeals. Finding no error, we affirm.

1. In his first enumeration of error, the defendant alleges that the trial court erred by refusing to require the State to reveal the identity of the confidential informant ("CI"). The defendant filed a pre-trial motion requesting, among other things, *Brady* material and the names of any persons who may have some knowledge of the present case *or were participants-witnesses to the events.*

At trial, the State called Deputy Steven Singleton of the Bryan County Sheriff's Department, who was employed as a special agent for the Tri-Circuit Drug Task Force. Deputy Singleton testified that, on October 28, 1994, at approximately 4:25 p.m., he was driving down Martin Luther King Drive in Glennville, Georgia. The CI was a passenger in his car. As they drove down the street, they passed the defendant. The defendant waved at Deputy Singleton and the CI. The CI identified the defendant as "Stanley Grant." Deputy Singleton turned his car around and stopped at the curb near the defendant. The defendant came over to the passenger side of the car where the CI was seated, bent down, looked in the passenger window, and asked "What are y'all looking for." Deputy Singleton responded that he was looking for a "40," i.e., $40 worth of crack cocaine. The defendant reached into his pocket and pulled out two rocks of crack cocaine and handed it to the deputy. Deputy Singleton gave the defendant two $20 bills. Deputy Singleton testified that, even though the defendant was on the passenger side of the car, he had a clear view of the defendant's face. The location where the drug buy took place was a hang-out spot for young men, and there were several other young men nearby.

On cross-examination, defendant's counsel asked Deputy Singleton to reveal the name of the CI who was in the car with him. The State objected to defense counsel's question on the grounds that the CI was still being used and that to reveal his identity "might subject him to danger and/or harm." Defense counsel stated that the CI was either an informer-witness or informer-participant whose identity could be material to the defense. The trial court sustained the State's objection.

"In *Roviaro v. United States*, 353 U. S. 53 (77 SC 623, 1 LE2d 639) [(1957)], [which was embraced by our Supreme Court in *Thornton v. State*, 238 Ga. 160 (231 SE2d 729) (1977),] the United States

Supreme Court held that the government's privilege to withhold from disclosure the identity of a confidential informant is limited by the underlying purpose of the privilege itself and 'the fundamental requirements of fairness.' Thus, the court concluded that '(w)here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.' The Supreme Court declined to adopt a fixed rule of disclosure, opting instead for a balancing test which would balance 'the public interest in protecting the flow of information against the individual's right to prepare his defense.' The resolution of each case, accordingly, depends on the particular circumstances involved, 'taking into consideration the crime charged, the possible defenses, the *possible* significance of the informer's testimony, and other relevant factors." (Citations omitted; emphasis in original.) *Moore v. State*, 187 Ga. App. 387, 388-389 (370 SE2d 511) (1988). "The fact that an informant's *possible* testimony was highly relevant and might have been helpful to the defense can be established by the circumstances of the case." (Citations and punctuation omitted; emphasis supplied.) Id. at 390; *Roviaro v. United States*, supra at 63-64. "The court may consider any factor operative in the particular case before it which is relevant to the application of this balancing test, and all relevant evidence contained in any pretrial, trial and post-trial proceedings." (Citation omitted.) *Bannister v. State*, 202 Ga. App. 762, 763 (415 SE2d 912) (1992).

In determining if the CI's identity should be revealed by the State, the trial court must conduct a two-step hearing. Initially, the trial court should hear evidence to determine: (a) that the confidential informant is an alleged informer-witness or informer-participant whose testimony appears to be material to the defense on the issue of guilt or punishment; (b) that the testimony for the prosecution and the defense is or will be in conflict; and (c) that the CI was the *only available witness who could amplify or contradict the testimony of these witnesses*. Once this threshold has been met, the trial court must conduct an in camera hearing of the CI's testimony under the mandates set forth in *Thornton,* supra, and *Moore,* supra.

In this case, the defendant testified and admitted being in the area with several other young men at the time of the drug sale; however, he denied selling the cocaine to the deputy. The defendant testified that his younger brother, Joseph Grant, waved the deputy down and sold him the cocaine. The defendant's testimony was corroborated by the testimony of his younger brother, Joseph Grant, and by Lee Murphy. Joseph Grant admitted waving Deputy Singleton down and selling him the cocaine. Lee Murphy testified that, on the day in question, he was standing on the street with defendant, defendant's

younger brother, and two other individuals, and that defendant's younger brother was the individual who sold Deputy Singleton the cocaine. Therefore, while there was evidence that the CI was either an informer-witness or informer-participant and that the testimony of the prosecution and the defense was in conflict, the CI was *not the only witness in a position to amplify or contradict the testimony* of the defendant and the police officer. The CI's testimony would *only be cumulative* of the testimony of the other witnesses to the crime. The threshold requirements of the first step of the balancing test were not met, and there was no error in the trial court's refusal to require the State to reveal the identity of the CI.

2. Next, defendant alleges that the trial court erred in failing to grant his motion for mistrial, asserting that his character was impermissibly placed into evidence.

In this case, the State introduced evidence of prior drug convictions of the defendant as similar transactions. On direct examination, the defendant's counsel questioned the defendant about his prior convictions. During this examination, the defendant made an unresponsive answer that he had not sold any crack since the prior convictions. Upon cross-examination of the defendant, the State asked defendant if it was his testimony that he had not been involved with crack cocaine since the 1991 conviction. The defendant answered, "Well, yes ma'am. Besides" before defense counsel objected. The basis for defense counsel's objection was that the question impermissibly placed the defendant's character in issue, without the defendant having first placed his character in issue. Defense counsel then moved for a mistrial. The trial court held that the State's question was impermissible, but denied the motion for mistrial. Instead, the trial court gave curative instructions, advising the jury to disregard the State's question and the defendant's answer and not to let the question and answer influence the jury's verdict in any way. Following the curative instructions, defense counsel renewed his motion for mistrial.

Assuming arguendo, that defendant's testimony on direct examination regarding his prior convictions had not already placed his character in issue, the instructions given to the jury were an adequate corrective measure, and the trial court did not abuse its discretion by denying the motion for a mistrial. *Williams v. State*, 262 Ga. 422 (420 SE2d 301) (1992); *Mitchell v. State*, 222 Ga. App. 866 (476 SE2d 639) (1996).

3. In his final enumeration of error, defendant contends that the trial court erred by permitting the State to introduce into evidence the defendant's prior convictions for sale of cocaine as similar transactions.

" 'Although evidence of independent misconduct is not generally

admissible, it may be admissible, after notice and a hearing, pursuant to Uniform Superior Court Rule 31.3, if the [S]tate makes three showings: (1) that the evidence is offered, not to raise an improper inference regarding the character of the defendant, but for a proper purpose; (2) that there is sufficient evidence that the defendant committed the independent act; and (3) that there is sufficient similarity between the independent act and the charged offense to demonstrate that the independent act is logically relevant to a material issue in dispute in the trial. See *Williams v. State*, 261 Ga. 640, 642 (409 SE2d 649) (1991).' *Mitchell v. State*, 265 Ga. 71, 72 (2) (453 SE2d 731) (1995)." *Posey v. State*, 222 Ga. App. 405 (474 SE2d 206) (1996).

At the hearing, the State sought to introduce two prior convictions for the sale of cocaine to show plan, scheme, bent of mind, and identity. Although the offenses were indicted under separate case numbers, the conduct occurred on the same day, March 2, 1991. Both cases were consolidated for a plea of guilty by the defendant. A certified copy of the guilty plea was introduced into evidence.

The investigating officer for both of these cases was Agent Woodrow Boyd. Agent Boyd testified that he and a CI went to a club located on Martin Luther King Drive in Glennville, Georgia. The CI asked an unidentified male if Stanley Grant was around. The unidentified male went into the club, and the defendant, Stanley Grant, came out to the vehicle. When the CI asked defendant for some cocaine, defendant went back into the club, came back to the car and all three left the club. Agent Boyd stopped the car on Laura Street, and defendant sold them $100 worth of crack cocaine. The defendant advised the agent that he would have two big $50 rocks later on, and the agent stated that he would be back later the same day.

Agent Boyd further testified that when he and the CI returned to the same nightclub later that day, the CI again asked a male, identified as Chris Stokes, who was standing outside, if the defendant was still around. Stokes went into the nightclub and again the defendant came back out and got into the vehicle with Agent Boyd and the CI. The defendant did not have the two big $50 rocks, but had some crack cocaine. The defendant was unsure how to sell the crack cocaine. The defendant summoned another individual from the nightclub, and the transaction between the defendant and the agent was completed.

The trial court did not err in concluding that the two prior offenses were similar enough to the instant offense so that the former tends to prove the latter.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 23, 1998.

*Cheney, Waters & McCullough, Hugh J. McCullough,* for appellant.

*Dupont K. Cheney, District Attorney, Carole E. Wall, Assistant District Attorney,* for appellee.