## A10A1742. HERNANDEZ v. THE STATE.
(706 SE2d 627)

BARNES, Presiding Judge.

A jury convicted Manuel Javier Hernandez of cocaine trafficking, misdemeanor obstruction of an officer, and reckless driving. This court previously affirmed the convictions but held that the trial court erred in failing to hold an in-camera hearing to determine whether the State was required to reveal to the defendant the identity of its confidential informant. *Hernandez v. State*, 291 Ga. App. 562, 571 (3) (662 SE2d 325) (2008). Absent such a hearing, "the currently existing facts of the case . . . required the disclosure of the informant's identity," and the failure to do so constituted error. Id. We remanded the case for the trial court to conduct a post-trial hearing and determine whether the error was harmless. Id. The trial court conducted an in-camera hearing with the confidential informant, and issued an order concluding that the State's failure to reveal the informant's identity to Hernandez was harmless error. For the reasons that follow, we affirm.

As described in our previous opinion, the evidence at trial showed that in April 2005, a confidential informant introduced an undercover officer to Hernandez and Flavio Garcia. *Hernandez*, 291 Ga. App. at 563. The men negotiated the purchase of five pounds of methamphetamine for $65,000, and Hernandez and Garcia left to obtain the drugs. Id. The confidential informant left the scene and was not present when Hernandez and Garcia returned, followed by another vehicle containing five pounds of methamphetamine. Hernandez, Garcia, and three other men were arrested for trafficking in methamphetamine. Id.

Before trial, Hernandez moved to require the State to reveal the identity of the confidential informant involved in the drug transaction. *Hernandez*, 291 Ga. App. at 568 (3). Following a hearing, the trial court denied the motion without conducting an in-camera hearing to determine whether the confidential informant's testimony was material to the defense and if so, whether the defendant's interest in knowing the identification outweighed the State's interest in keeping it secret. Id. At trial, the undercover officer testified that the informant introduced him to Hernandez and Garcia, that he discussed the drug buy with and showed the money to both men, and that Hernandez said "he could do the five pounds." Id. at 570. Garcia walked away and made a phone call, then returned to say he could

obtain five pounds of methamphetamine with no problem, but would have to retrieve it from Atlanta, according to the agent. Id.

Hernandez, on the other hand, testified that he agreed to drive Garcia to Gainesville to pick up some things Garcia had left with his girlfriend. *Hernandez*, 291 Ga. App. at 569. They stopped at a fast food restaurant, where Garcia received a phone call from his "cousin," who came with the undercover officer to a parking lot near the restaurant. Id. at 569-570. Hernandez testified that Garcia, the cousin, and the officer held a conversation far from Hernandez's vehicle, where he could not overhear them. He testified that he was not present at or involved in any discussions about buying drugs. Id. at 569-570.

> [T]he due process concept of fundamental fairness require[s] that the public interest in protecting the flow of information to law enforcement officials be balanced against the right of the accused to a full and fair opportunity to defend himself. *Roviaro v. United States*, 353 U. S. 53 (77 SC 623, 1 LE2d 639) (1956).

*Thornton v. State*, 238 Ga. 160, 164 (2) (231 SE2d 729) (1977). Determining whether the State must reveal the identity of the confidential informant involves several steps. First, the defendant must make a showing (a) that the confidential informant allegedly participated in or witnessed the transaction and his testimony would be *material* to the defense on the issue of guilt or punishment; (b) that the informant's testimony would be *relevant* because testimony from witnesses for the prosecution and the defense will be in conflict; and (c) that the informant's testimony is *necessary* because he would be the only available witness who could amplify or contradict the testimony of these witnesses. *Grant v. State*, 230 Ga. App. 330, 331 (1) (496 SE2d 325) (1998).

If the defendant meets this threshold showing that the informant's testimony could be relevant, material, and necessary, the second step is for the trial court to conduct an in-camera hearing to determine whether that initial showing is supported by the informant's actual testimony. If the trial court determines, based on this hearing, that "neither the disclosure of the informant's identity nor the contents of his testimony would benefit the defense or serve the discovery of truth," then the inquiry ends and the State is not required to disclose the information. *Gray v. State*, 204 Ga. App. 33 (1) (418 SE2d 412) (1992). If, on the other hand, the trial court determines that the confidential informant's testimony would lead to exculpatory evidence, then the trial court must balance the defendant's right to defend himself against the State's interest in

encouraging the public to share information with law enforcement officials. *Griffiths v. State*, 283 Ga. App. 176, 177 (1) (641 SE2d 169) (2006); *Little v. State*, 230 Ga. App. 803, 810 (3) (498 SE2d 284) (1998).

We determined in the previous appeal of this case that Hernandez made the threshold showing that the informant's testimony could be (a) relevant because he was a witness or participant in the drug transaction whose testimony would be material to guilt or innocence; (b) material because Hernandez's testimony contradicted the undercover officer's; and (c) necessary because the informant was the only other witness who could testify about Hernandez's level of participation in the transaction. *Hernandez*, 291 Ga. App. at 570 (3). Given these facts, and absent an in-camera hearing with the confidential informant, we held that the State should have been required to disclose the informant's identity and that the trial court erred in denying Hernandez's motion. Id. at 571 (3). We remanded this case for the trial court to conduct an in-camera hearing with the confidential informant as described in *Moore v. State*, 187 Ga. App. 387, 392 (2) (370 SE2d 511) (1988), and determine if the denial of Hernandez's motion was harmful error. Id.

In *Moore*, we explained that if an appellate court finds error because the trial court did not hold an in-camera hearing after a defendant made an initial showing that the confidential informant's testimony was relevant, material, and necessary, on remand the trial court must hold an in-camera hearing with the informant to determine whether failure to disclose the informant's identity was harmful error or not. Id. If the trial court determined during the course of the hearing that the informant's testimony would corroborate the State's evidence, the State would not have been required to disclose the informant's identity to the defendant, and thus the failure to do so was harmless error. Id. "Conversely if, during the in-camera proceedings, the informant proves to be a material witness for the defense within the meaning of *Roviaro* and *Thornton*," and Hernandez's interest in knowing the informant's identity would have outweighed the State's interest in keeping that identity secret, then the failure to disclose the identity was harmful error. Id.

Upon remand in this case, the trial court conducted an in-camera hearing with the confidential informant to determine whether the failure to disclose his identity to Hernandez was harmful error, and concluded it was not. The trial court found that the informant testified under oath that a co-worker gave him the name and number of someone who sold drugs. The informant called the number and asked the man who answered whether he could deliver five pounds of methamphetamine to Hall County. The man on the phone, who was not Hernandez but another individual whom the

informant had seen once before, agreed to meet the informant at a fast food restaurant and said he would arrive in a white Lincoln Navigator. The informant was with the undercover officer when a white Navigator arrived at the restaurant, and the informant and the officer got out of their vehicle to greet the two men who got out of the Navigator. The passenger was the individual the informant had seen once before.

The informant introduced the undercover officer as the methamphetamine buyer, and the driver talked to the officer in English about the transaction. After both the driver and the passenger examined the officer's money, the driver returned to the Navigator and made a phone call, which the informant could not hear. After the call ended, the passenger said the men were going to retrieve the drugs from Atlanta and would meet the buyer later that day at the same location. Everyone left the parking lot, and the informant was not present when the men returned with the drugs. While the informant was unable at the hearing to identify either Hernandez or his co-defendant Garcia from photo lineups, or Hernandez from a single photo showup, he recognized Garcia from a single photo showup as the passenger in the Navigator whom he had seen once before.

The trial court thus found that the informant's testimony sharply contradicted Hernandez's testimony that he never talked to the undercover officer about a methamphetamine transaction, and substantially corroborated the officer's testimony that Hernandez participated in negotiating the deal. Thus, disclosing the informant's identity would not have given Hernandez access to any exculpatory evidence; to the contrary, the informant's testimony was inculpatory. Therefore, the trial court concluded, the error in failing to grant Hernandez's motion to disclose the informant's identity was harmless.

Having reviewed the transcript of the in-camera hearing and the transcript of the trial, we find no error in the trial court's ruling upon remand that the failure to disclose the confidential informant's identity was harmless error because his testimony would not have helped Hernandez. *Gray*, 204 Ga. App. at 33 (1). While Hernandez makes much of the fact that the informant could not identify him from photographs as the Navigator's driver, that fact is irrelevant considering that Hernandez himself testified that he had driven Garcia to the meeting. As in *Grant v. State*, 230 Ga. App. 330 (496 SE2d 325) (1998), and *Ponder v. State*, 197 Ga. App. 21, 23 (397 SE2d 596) (1990), the informant's testimony in this case would have been cumulative and would have corroborated the undercover officer's.

Accordingly, the trial court did not err in holding that the failure to disclose the confidential informant's identity was harmless error.

*Judgment affirmed. Blackwell and Dillard, JJ., concur.*

DECIDED MARCH 2, 2011 — ▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

*Brett M. Willis*, for appellant.
*Lee Darragh, District Attorney, John G. Wilbanks, Jr., Assistant District Attorney*, for appellee.