**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**August 8, 2012**

# In the Court of Appeals of Georgia

A12A1424. CHANDLER v. THE STATE.

MILLER, Judge.

Following a jury trial, Tommy Chandler was convicted of two counts of sale of cocaine (OCGA § 16-13-30 (b)). Chandler filed a motion for new trial, which the trial court denied. On appeal, Chandler contends that the trial court erred in failing to grant his pretrial motion to reveal the identity of the State's confidential informant. Finding no error, we affirm.

Viewed in the light most favorable to the jury verdict,[1] the evidence shows that in early 2009, the Barrow County Sheriff's Office ("BCSO") conducted a large scale investigation of drug sales in the City of Winder. On March 11, 2009, a BCSO

---

[1] See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

investigating officer drove a confidential informant (the "CI") to a grocery store parking lot to make a controlled buy from a suspected drug dealer known as "Smiley." The investigating officer saw "Smiley," who he later identified as Chandler, arrive in green vehicle and park about 10 feet away from where the investigating officer and the CI were waiting in an undercover vehicle. The investigating officer remained in the vehicle and observed as the CI walked over to Chandler and engaged in the drug transaction. The CI gave Chandler $50 in exchange for approximately 6.6 grams of crack cocaine. The investigating officer had equipped the CI with an audio transmitter, which allowed a nearby surveillance team to hear and record the conversation between the CI and Chandler.

About two weeks later, the investigating officer arranged for the CI to make another controlled drug buy from Chandler. Upon arriving at the prearranged meeting place – an apartment complex in close proximity to where the first drug transaction had occurred – the investigating officer saw Chandler waiting outside. The CI got out of the undercover vehicle, walked over to Chandler, and exchanged money for less than one gram of crack cocaine. This second transaction was also recorded in audio. Following this second transaction, Chandler was arrested and charged with two counts of sale of cocaine.

Prior to trial, Chandler presented an oral motion to compel the State to reveal the identity of the CI. Following a hearing on the motion, the trial court denied the same, finding that Chandler had failed to make a prima facie showing for disclosure of the CI's identity.

At trial, the State presented the investigating officer's testimony that during the two controlled cocaine transactions, he was in close proximity to Chandler when Chandler sold crack cocaine to the CI. The State also introduced and played audio recordings of both transactions. In his defense, Chandler denied any knowledge of or involvement in the drug sales. Chandler admitted to being known as "Smiley," but stated that several people in the area resembled him. Chandler also admitted to living in the apartment complexes where the second drug transaction occurred. Following the presentation of evidence, Chandler was convicted of both counts of sale of cocaine.

On appeal, Chandler contends that the trial court erred in failing to grant his pretrial motion to compel the State to disclose the identity of the CI. Chandler argues that since there was a conflict in testimony as to the identity of the individual who sold crack cocaine to the CI, the CI's testimony was material to his defense. We disagree.

[T]he government's privilege to withhold from disclosure the identity of a confidential informant is limited by the underlying purpose of the privilege itself and the fundamental requirements of fairness. . . . [W]here the disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. . . . The resolution of each case, accordingly, depends on the particular circumstances involved, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

(Citation and punctuation omitted) *Grant v. State*, 230 Ga. App. 330, 331 (1) (496 SE2d 325) (1998).

For purposes of determining whether the State must reveal the identity of the confidential informant, the trial court must conduct a two-step hearing: Initially, the trial court should hear evidence to determine: (a) that the confidential informant is an alleged informer-witness or informer-participant whose testimony appears to be material to the defense on the issue of guilt or punishment; (b) that the testimony for the prosecution and the defense is or will be in conflict; and (c) that the confidential informant was the only available witness who could amplify or contradict the testimony of these witnesses. If the threshold is met, the trial court must conduct an in-camera hearing of the confidential informant's testimony.

(Punctuation and footnotes omitted.) *Hernandez v. State*, 291 Ga. App. 562, 569 (3) (662 SE2d 325) (2008). "The appellate court, in determining the propriety of disclosing the identity of an informant, may consider all relevant evidence contained in pretrial, trial, and post-trial proceedings." (Citation omitted.) Id. at 568 (3), n.20.

4

Here, to the extent Chandler wished to call the CI merely to impeach the CI or the investigating officer's testimony, disclosure of the CI's identity was not required. See *Black v. State*, 154 Ga. App. 441, 442 (2) (268 SE2d 724) (1980). While Chandler also asserts that the CI was the only witness who could amplify or refute any conflicting testimony regarding his participation in the offense, his claim is without merit. The State's evidence showed that the investigating officer engaged in visual surveillance throughout the controlled buy operations and clearly observed Chandler when he sold drugs to the CI. Chandler admitted that he was known as "Smiley," and that he lived in the apartment complexes where the second drug transaction took place and which was near the location of the first drug transaction. Although Chandler suggested that the investigating officer could have confused Chandler with several individuals in his neighborhood resembling him, the audiotape recording of the transaction enabled the jury to compare the voices heard in the recording to Chandler's voice when he testified at trial. Consequently, the audiotape recording was a key factor in diminishing the need for the CI to amplify or refute any conflicting testimony. Cf. *McClarity v. State*, 234 Ga. App. 348, 352-353 (3) (d) (506 SE2d 392) (1998) (holding that videotape recording of drug transaction was the key factor weighing against the need to reveal the CI's identity, since the objective

5

evidence diminished the need for the CI to testify). Accordingly, the trial court did not err in refusing to require the State to reveal the identity of the CI.

*Judgment affirmed. Mikell, P.J., and Ray, J., concur.*